Robert M. BOTTS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23246.

United States Court of Appeals Ninth Circuit.

June 3, 1969.

**42**

Joseph A. Ryan, (argued) Honolulu, Hawaii, for appellant.

Robert V. Zener, Washington, D. C., (argued), William D. Ruckelshaus, Asst. Atty. Gen., Robert M. Heier, Atty., Dept. of Justice, Washington, D. C., Yoshimi Hayashi, U. S. Atty., Michael David Hong, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

HAMLEY, Circuit Judge:

Robert M. Botts, an attorney at law, brought this action against the United States under a provision of the Tucker Act, 28 U.S.C. § 1346(a) (2) (1964). He sought reimbursement for legal services rendered, as court-appointed counsel, to two indigent defendants in two federal criminal proceedings. He also sought punitive damages.

The facts concerning Botts' appointments as counsel and his performance of legal services are not in dispute. On November 29, 1966, he was appointed to represent Russell Gillespie, accused of stowing aboard ship in violation of 18 U.S.C. § 2199 (1964). On February 15, 1967, he was appointed to represent Arthur Grindstaff, charged with embezzling on a military reservation a thing of value not exceeding twenty dollars, in violation of section 281-5, Revised Laws of Hawaii, 1955, as amended, the same being a violation of 18 U.S.C. § 13 (1964). Botts served as counsel for both defendants and succeeded in having the charges against Gillespie and Grindstaff dismissed.

Botts alleged that, to the best of his knowledge, information, memory, and belief, he submitted signed vouchers with regard to these legal services to the clerk of the United States District Court. He further alleged that although he has continually and repeatedly requested payment for these services, the United States, by and through its judicial and administrative officers and agents, has refused to make payment.

The United States moved to dismiss the complaint for failure to state a claim upon which relief can be granted. In the alternative, the Government moved for summary judgment dismissing the action on the ground that Botts had not exhausted his administrative remedies. In particular it was urged that in order for a court-appointed attorney in a federal criminal case to receive his legal fee from the Government, he must submit and file a voucher with the clerk of the United States District Court, and that no vouchers covering the services in question could be found in the files and records of the clerk.

The motion for summary judgment was supported by the affidavit of the clerk of the United States District Court for the District of Hawaii. The clerk alleged that he had checked the files and records in his custody and control and

had not found the vouchers referred to by Botts. He further alleged that he had no knowledge of the existence of any vouchers submitted in connection with the Gillespie and Grindstaff cases. The affidavit concludes:

"8. Affiant cannot state whether any such vouchers were filed with the office of the Clerk of the United States District Court for the District of Hawaii, but affiant does now aver and affirm that no such vouchers are presently on file in the records of that office, nor, after diligent search of those records, can any vouchers submitted in connection with the criminal cases aforementioned be found."

On March 29, 1968, one week after the United States filed the alternative motions referred to above, Botts filed a combined affidavit of bias and prejudice and counsel's certificate of good faith. This was done pursuant to 28 U.S.C. § 144 (1964), for the purpose of disqualifying The Honorable Martin Pence, District Judge, United States District Court for the District of Hawaii, from further participation in the proceedings.[1]

A few days later Botts filed an affidavit in opposition to the motion for summary judgment, again alleging that to the best of his knowledge, information, memory, and belief, he prepared and submitted the required vouchers to the federal court. Botts further alleged that he had exhausted his administrative remedies.

Judge Pence declined to recuse himself in response to the affidavit of bias and prejudice, and granted summary judgment for the United States dismissing the action. This appeal followed.

The judge's refusal to disqualify himself was based on his determination that the affidavit of bias and prejudice is legally insufficient. Botts contends here that the affidavit is legally sufficient.

■ The affidavit contains two general allegations. One of these is to the effect that the judge was biased and prejudiced because he "directly or indirectly through his secretary or clerk has *or may have* made statements to or discussed matters" relating to the issues involved in the case with federal officials and a Honolulu newspaper, without the knowledge, consent, or presence of the plaintiff. (Emphasis supplied.) In our opinion this allegation is insufficient since the words "or may have" converted the allegation into no more than a charge that the judge possibly made the asserted statements.

In addition, even if such remarks were made, there is no reason to believe, on the basis of the affidavit, that they were prejudicial to plaintiff. As the Supreme Court said in Berger v. United States, 255 U.S. 22, 33–34, 41 S.Ct. 230, 65 L.Ed. 481:

"Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent mind that may prevent or impede impartiality of judgment."

■ The other general allegation contained in the affidavit was to the effect that the judge's bias and prejudice against Botts was evidenced by: (1) the judge's demeanor during the hearing held on March 7, 1968, in connection with the taking of Botts' deposition, and (2) the judge's refusal to allow plaintiff to take by deposition, the testimony of

---

1. Judge Pence had taken part in the proceedings at least as early as March 7, 1968, when court was convened to settle a dispute which arose between Botts and counsel for the United States during the taking of Botts' deposition. An earlier "Motion to Disqualify," filed on February 28, 1968, against both Judge Pence and The Honorable C. Nils Tavares, District Judge, United States District Court for the District of Hawaii, was not supported by an affidavit of bias or prejudice or a counsel's certificate of good faith, as required by section 144. It was not pursued by Botts, was not acted upon by either judge, and is to be regarded as superseded by the affidavit and certificate filed on March 29, 1968.

certain Government employees pertaining to the facts in issue.[2]

In our opinion, this allegation is insufficient to require disqualification. The judge's demeanor and rulings in earlier phases of this litigation may provide the basis for a claim of error on appeal. They do not, however, provide a basis for disqualification. Unfavorable rulings in the same case do not constitute nor demonstrate the judge's bias and prejudice. Morgan v. United States, 9 Cir., 380 F.2d 686, 699. We think this is likewise true of a judge's demeanor in the earlier stages of the same case. To be disqualifying, the alleged bias and prejudice

"* * * must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Berger v. United States, 255 U.S. 22, 31, 41 S. Ct. 230, 65 L.Ed. 481." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778.

Since the affidavit of bias and prejudice is legally insufficient under section 144, Judge Pence did not err in declining to recuse himself from participation in this case.[3]

Turning to the merits, we start with the proposition that the only possible legal basis for Botts' claims is the asserted failure of the United States to compensate him in accordance with the Criminal Justice Act of 1964 (Act), 18 U.S.C. § 3006A (1964). Apart from the Act, an attorney appointed by a federal court to represent an indigent defendant in a criminal case is not entitled to compensation from the United States. United States v. Dillon, 9 Cir., 346 F.2d 633.

Section 3006A(a) expressly exempts petty offenses from the operation of the Act. Botts does not deny that the federal criminal proceeding in which he was appointed to represent Grindstaff involved only a petty offense; thus, there is no genuine issue of material fact concerning the Grindstaff claim. See Rule 56(c), Federal Rules of Civil Procedure. It follows that the district court did not err in granting summary judgment for the United States on the Grindstaff claim.

The district court granted summary judgment for the United States as to the Gillespie claim on the ground that Botts had failed to exhaust his administrative remedies under the Act. Specifically, the court ruled that there is no evidence to show that Botts had filed a voucher with the clerk of the district court and there is no record to indicate that there has been approval or disapproval of any such voucher.[4]

The administrative remedies available to an attorney seeking fees for representing an indigent defendant are set forth in 18 U.S.C. § 3006A. Subsection (a) requires each United States district court to place on file its own plan for representation of defendants and compensation of attorneys under the Act. Under the plan adopted by the United States District Court for the District of Hawaii, and approved by the Ninth Circuit Judicial Council, a claim must be supported by a voucher setting forth with particularity the services rendered, the expenses incurred, and any compensation received from any other source.

As noted above, the court held that Botts had not filed the necessary voucher. There is, however, a genuine

---

2. Colloquy which took place during the taking of Botts' deposition and during the hearing on the motion for summary judgment, indicates that, among other things, Botts desired testimony from these witnesses concerning the filing of vouchers covering legal services rendered in the Gillespie and Grindstaff cases.

3. It is therefore unnecessary to consider other reasons advanced by the United States in support of Judge Pence's decision not to disqualify himself.

4. The district court also relied upon this ground with regard to the Grindstaff claim. However, as indicated above, there is an independent reason, with regard to which there is no genuine issue of material fact, why that claim was properly dismissed.

issue as to this material fact. The motion for summary judgment is supported by an affidavit by the clerk of the district court to the effect that no voucher from Botts has been found in his records and he has no knowledge of the existence of any such voucher. Botts, on the other hand, filed an affidavit in opposition to the motion for summary judgment, in which he states that, to the best of his knowledge, information, memory, and belief, he prepared and submitted vouchers to the clerk of the district court covering services he rendered for Gillespie and Grindstaff. Moreover, Botts' sought, but was denied, an opportunity to produce the testimony of three witnesses who would, he suggests, support his contention that the necessary voucher was filed.

Under these circumstances the Gillespie claim should not have been dismissed on this ground by summary judgment. See Rule 56(c), Federal Rules of Civil Procedure.

The time for filing a voucher covering Botts' services in the Gillespie case has now expired. Under section X of the Hawaii plan, an application for payment must be presented to the court within two calendar months after the final disposition of the case. This section further provides, however, that this time limitation may be waived by the district court upon a showing of good cause. During oral argument counsel for the Government advised this court that the United States would not object to such a waiver if the district court were given an opportunity to waive the time limit.

It appears to us that the uncertainty as to whether Botts did file a voucher covering the Gillespie claim will be so difficult to resolve at a remanded hearing that the district court would, if given the opportunity, waive the time limit and permit Botts to file another voucher covering that claim. If this were done a disposition of the Gillespie claim reason-

ably acceptable to both Botts and the United States may be possible.[5]

We are aware of the fact that Botts does not now have all of his office records pertaining to this claim. Utilizing the information already contained in his deposition and such other sources as may be available, he may be able to reconstruct a reasonably accurate voucher.

We accordingly uphold the refusal of Judge Pence to disqualify himself, affirm the dismissal of the Grindstaff claim, and reverse and remand as to the Gillespie claim with the suggestion that Botts apply for a waiver of the time limit on filing a voucher covering that claim. This disposition of the case makes it unnecessary to consider the other issues raised on appeal.

It is so ordered.

---

5. We of course assume that, if given such an opportunity, Botts would file a new voucher covering the claim. Even if Botts can prove that he filed the required voucher, he will have to provide the information necessary for a new voucher since the old one cannot be found.