**UNITED STATES of America,
Plaintiff,**

v.

**Anthony Joseph ZERILLI et al.,
Defendants.**

Crim. No. 7574.

United States District Court,
C. D. California.

June 15, 1971.

———◆———

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Crim. Div., John W. Hornbeck, Alan Friedman, Asst. U. S. Attys., for plaintiff.

Weinstein, Kroll & Gordon, William J. Weinstein, Detroit, Mich., for defendants Anthony Joseph Zerilli, Michael Santo Polizzi, Peter James Bellanca.

Newmark & Baris, Irl R. Baris, St. Louis, Mo., and Morris Lavine, Los Angeles, Cal., for defendant Anthony Giardano.

Simon, Sheridan, Murphy, Thornton & Medvene, Thomas R. Sheridan, Los Angeles, Cal., for defendant Jack S. Shapiro.

Daniel R. Sheahan, Glendale, Cal., for defendant Arthur J. Rooks.

Ball, Hunt, Hart, Brown & Baerwitz, Joseph D. Mullender, Jr., Long Beach, Cal., for defendant Emprise Corp.

## FINDINGS, CONCLUSIONS AND OR-DER GRANTING DEFENDANTS' MOTIONS FOR DISQUALIFICA-TION AND REASSIGNMENT OF CASE

HAUK, District Judge.

Upon full consideration of the Defendants' Motions to Disqualify The Honorable A. Andrew Hauk, United States District Judge, as The Trial Judge in The Above-entitled Matter, together with the points and authorities submitted in support thereof, and the opposition of the Government and its supporting points and authorities, and good cause appearing, the aforesaid Judge now makes and enters his findings, conclusions and order as follows:

## FINDINGS AND CONCLUSIONS

1. Each and all of the affidavits filed by the Defendants is and are timely within the meaning and intent of 28 U.S.C. § 144.

2. Said affidavits set forth certain factual allegations, the truth of falsity of which the Judge may not pass upon or control, and which the Defendants assert support the charge that this Judge has a personal bias or prejudice against them. However, although these factual allegations must be accepted, the Court is obliged to determine their legal sufficiency. Berger v. United States, 255 U.S. 22, 33, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Botts v. United States, 413 F.2d 41 (9th Cir. 1963); United States v. Tropiano, 418 F.2d 1069 (2d Cir. 1969); Lyons v. United States, 325 F.2d 370 (9th Cir. 1963), cert. den., 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964).

3. The Judge does not now have, nor did he ever have, any such alleged personal bias or prejudice in the slightest degree for or against any of the parties to this case, cause and proceeding herein, and more particularly does not now have and never did have any such alleged personal bias or prejudice in the slightest degree against any of the Defendants herein, singly or collectively.

4. However, the allegations of the affidavits which the Court and Judge must accept as true, are, in the absence of any contradictory evidence which as we have noted is absolutely impermissible under 28 U.S.C. § 144, *legally* sufficient to show that there is perhaps the *appearance* of a *possibility* of personal bias or prejudice of the Judge against at least two of the Defendants, Messrs. Michael Santo Polizzi and Anthony Giardano, by reason of a judgment of conviction for contempt rendered against Mr. Polizzi and a fine of $7,500.00 imposed upon him in a recent case involving Polizzi's failure to obey a Grand Jury subpoena [United States v. Polizzi, C.D.Cal., 323 F.Supp. 222 (1970)]; and by reason of a prosecution of Mr. Giardano conducted by Judge Hauk some thirty years ago when Judge Hauk was an Assistant United States Attorney in what was then the Southern District of California, wherein Mr. Giardano was convicted of transporting a stolen firearm, a conviction which was later reversed by the Ninth Circuit Court of Appeals on the grounds that his possession of the firearm 28 months after the theft was too remote to justify an inference of knowledge that it had been stolen. United States v. Giardano, S.D.Cal. No. 15137 (1942), rev. Giardano v. United States, 139 F.2d 198 (9 Cir. 1943).

One affidavit also alleges personal bias or prejudice arising by reason of two decisions heretofore rendered by the Judge, compelling testimony of recalcitrant but immunized witnesses in the Grand Jury investigation of a certain alleged meeting in Palm Springs of persons who in prior decisions of other Federal Courts of the Nation had been characterized as New York members of the notorious underground or underworld group known variously as the *Mafia* or the *Cosa Nostra*. In re Loughran, 276 F.Supp. 393, 396 n. 8 (C.D.Cal. 1967); In re Lazarus, 276 F.Supp. 434, 436 n. 9 (C.D.Cal.1967).

5. We conclude that these three sets of allegations do not in and of them-

selves, whether taken together or separately, show any actual bias or prejudice of this Judge that would clearly and peremptorily disqualify him under 28 U.S.C. § 144. Nevertheless, as we also conclude, these allegations, taken together do appear to be sufficient, legally and factually and standing as they must without evidentiary contradiction, to show the *appearance* of *possible* personal bias or prejudice—a showing which necessarily gives us pause and dictates that we disqualify and recuse ourself *sua sponte*. See, United States v. Zarowitz, et al., 326 F.Supp. 90 (C.D.Cal.1971), wherein for similar reasons and upon partially similar facts, though in an entirely different context and kind of prosecution, we arrived at a similar result.

6. As we pointed out in *Zarowitz*, *supra*, the guidelines that should direct a good judicial conscience in protecting the ideal of fairness, not only as applied concretely in the case before us, but as discerned by the public at large upon the basis of appearances as much as reality, are obviously difficult to formulate explicitly, but do in the present instance necessitate that we issue the order recusing ourself.

### ORDER

For the foregoing reasons and pursuant to the findings and conclusions hereinabove set forth,

It is hereby ordered:

1. I, Judge Hauk, do voluntarily disqualify and recuse myself from any further action and participation in the case, cause and proceeding herein, United States v. Zerilli, et al., 328 F.Supp. 706, C.D.Cal.

2. The said case, cause and proceeding is transferred to the Honorable Albert Lee Stephens, Jr., Chief Judge, for reassignment pursuant to the applicable rules, regulations and orders governing this Court.

### ORDER ASSIGNING CASE TO VISITING JUDGE, RESETTING ONE HEARING DATE AND CONFIRMING OTHER DATES

STEPHENS, Chief Judge.

The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, having been assigned to hold court in the Central District of California during the period beginning April 16, 1971, and ending December 31, 1971, and thereafter for such additional time as may be required to complete unfinished business; and the Honorable A. Andrew Hauk, United States District Judge for the Central District of California, having this date made and entered his order disqualifying and recusing himself from proceeding any further herein, pursuant to 28 U.S.C. § 144,

It is hereby ordered:

1. The above captioned case be and the same is hereby assigned to the Honorable Gus J. Solomon for trial and such other proceedings as may be required.

2. The presently set date of June 21, 1971, for hearing of certain motions herein [Motions to Disqualify the Honorable A. Andrew Hauk, now moot; Motion of Defendants Zerilli, Polizzi and Bellanca to Advance Hearing Date on Motions to Transfer Cause to Eastern District of Michigan, Southern Division; Motion to Compel Government to Produce Witnesses and Federal Prisoners Maurice H. Friedman and John Rosselli; and Motion to Adjourn Trial until After Jewish Holiday] *is hereby continued to Friday, July 9, 1971, at 10:00 A.M. before the Honorable Gus J. Solomon, in Courtroom No. 5* of the United States Courthouse, 312 North Spring Street, Los Angeles, California.

3. At said hearing on July 9, 1971, the said Judge Solomon will make any appropriate further orders with respect to the presently set date of August 9, 1971, for hearing of various other pretrial motions, and the presently set date of Tuesday, September 21, 1971, for commencement of trial.