**Flora I. SPIRES et al., Plaintiffs,**

v.

**The HEARST CORPORATION, a Delaware Corporation, Defendant.**

**Nos. 75–4338–AAH to 75–4341–AAH and 76–1343–AAH.**

United States District Court, C. D. California.

Sept. 20, 1976.

---

Kindel & Anderson, Alfred E. Augustini, Kevin P. Kane, John J. Stumreiter, Los Angeles, Cal., by Kevin P. Kane, Los Angeles, Cal., for plaintiffs.

Flint & MacKay, Philip M. Battaglia, Marvin Gelfand, Los Angeles, Cal., by Marvin Gelfand, Los Angeles, Cal., for defendant.

HAUK, District Judge.

This matter has come on for hearing in the above entitled Court on Monday, September 20, 1976, upon the plaintiffs' "Motion For Order Disqualifying The Honorable A. Andrew Hauk; Affidavits of Plaintiffs, Certificate of Good Faith, and Memorandum of Points and Authorities in Support Thereof" filed herein on August 13, 1976, and the defendant's "Memorandum In Response To Plaintiffs' Motion For Order Disqualifying The Honorable A. Andrew Hauk" filed September 2, 1976, before the said A. Andrew Hauk, United States District Judge, to whom the five cases herein were assigned and consolidated pursuant to the rules, regulations and orders of this United States District Court for the Central District of California and particularly General Order No. 104 and Local Rules 2(a) and 2(g)—assignment of cases by lot and consolidation of cases under the "low number" rule.

After full consideration of said pleadings, the entire files and records herein, in all of the consolidated cases, and good cause appearing, the aforesaid Judge now makes and enters his Findings, Conclusions and Order as follows:

## FINDINGS AND CONCLUSIONS

■ Plaintiffs' Motion is based upon 28 U.S.C. 144 [1] and 455(a).[2] Under these stat-

---

1. § 144. *Bias or prejudice of judge*

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.
28 U.S.C. § 144

2. § 455. *Disqualification of justice, judge, magistrate, or referee in bankruptcy*

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
28 U.S.C. § 455(a)

utes it is necessary for us to examine the Affidavits of the plaintiffs' alleging personal bias and prejudice, or at least the appearance thereof, and the Certificate of Good Faith of their counsel, to determine if they meet the tests required, namely, those of timeliness and legal sufficiency. If they do then the factual allegations contained in the Affidavits *must* be taken as *true* and the Court has no power or authority to contest in any way whatsoever the necessary acceptance of truthfulness of the facts alleged, even though the Court may be aware of facts which would indicate clearly the falsity of any such allegations. *Berger v. United States*, 255 U.S. 22, 33, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Botts v. United States*, 413 F.2d 41 (9th Cir. 1969); *United States v. Tropiano*, 418 F.2d 1069 (2d Cir. 1969); *Lyons v. United States*, 325 F.2d 370 (9th Cir. 1963), *cert. den.* 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964). *See also:* *United States v. Zarowitz*, 326 F.Supp. 90, 91 (C.D.Cal.1971) and *United States v. Zerilli*, 328 F.Supp. 706, 707 (C.D.Cal.1971). *Cf.:* *Mavis v. Commercial Carriers, Inc.*, 408 F.Supp. 55, 58 (C.D.Cal.1975).

Before examining and analyzing these Affidavits however, it is perhaps appropriate for us to affirm that the Judge herein does not have, nor did he ever have any such alleged personal bias or prejudice in the slightest degree for or against any of the parties to these cases, causes and proceedings herein, and more particularly does not now have and never did have any such alleged personal bias or prejudice in the slightest degree against any of the plaintiffs herein, singly or collectively. Nor has the Judge ever knowingly or unknowingly given any cause for any such alleged personal bias or prejudice.

The Affidavits of all of the plaintiffs are absolutely identical, except for the fact that though the Affidavits of plaintiffs Spires, Schminke, Robinson, and Ermi (C.D.Cal. Nos. 75–4338–AAH, 75–4339–AAH, 75–4340–AAH and 75–4341–AAH) state that their actions were filed December 31, 1975, *before* the allegedly prejudicial newspaper article attached as Exhibit A to each Affidavit was published on April 11, 1976; nevertheless the Affidavit of plaintiff De Roche states that his action was filed on April 26, 1976, *after* the publication of the newspaper article on April 11, 1976. Therefore, we include herewith as Appendix A only the Affidavit of plaintiff Spires, and its Exhibit A, along with counsel's Certificate of Good Faith as Appendix B.

■ While it might be argued with some possible justification that the Affidavits and Certificate of Good Faith are not "timely" within the meaning of 28 U.S.C. 144, since they were not filed until the Motion for Disqualification was filed on August 13, 1976, whereas four of the actions were filed in December 1975 and one in April 1976, it appears conclusive, and the Court so finds that the allegations of the Affidavits sufficiently set forth a legal "timeliness." All of the Affidavits set forth that " . . . since no proceedings have yet been conducted before Judge Hauk in my lawsuit, and since the only discovery taken to date in my lawsuit has been by my counsel on my behalf, I request that Judge Hauk disqualify himself . . . ." Not only must I take these allegations as true, as heretofore pointed out, but as a matter of fact, they are true. And so the Court finds that the Affidavits and Certificate of Good Faith were and are "timely" within the meaning of 28 U.S.C. 144.

That the Affidavits are "legally sufficient" within the meaning of the same statute just as readily appears. They are all in proper form, they assert facts and not merely conclusions, and so they are *legally* sufficient. The only question left is whether they allege facts which require the Judge to disqualify himself under 28 U.S.C. 455(a). Each Affidavit attaches as Exhibit A a copy of a feature article written about the Judge and published by the defendant in the Los Angeles Herald Examiner on April 11, 1976.

This feature article, it is alleged in each Affidavit, "purports to reveal in a very complimentary fashion the personal and professional background of the Honorable A. Andrew Hauk and it states that Judge Hauk was nominated to the United States Ski Hall of Fame by Burt Sims, the ski writer for the Los Angeles Herald Examiner." These facts not only are accepted as true, but, as the Judge knows, are actually true.

Furthermore, each Affidavit alleges that: "Given the nature of this article, I feel very strongly that an appearance of impropriety has been created here which causes me and which will cause others to have reasonable doubts concerning Judge Hauk's impartiality in dealing with my lawsuit." These alleged facts, while unknown to the Judge, must be accepted as true.

■ Turning now to 28 U.S.C. 455(a), it is conclusive that the Court cannot question the fact that the Judge's impartiality "might reasonably be questioned." In fact, it has reasonably been questioned by each of the plaintiffs in their respective Affidavits. Even counsel for the defendant in its Memorandum and Response to Plaintiffs' Motion, while denying that any of its actions undertaken in the process of publishing the newspaper article in question, were in any way improper, nevertheless "acknowledges and concurs that the judiciary should not only be impartial, but always 'appear' impartial." Counsel for the defendant then adds that the defendant "will not interpose any objection to the Motion on file herein, or the Order being entered pursuant to said Motion. Under our District Court Local Rule 3(f) this failure to oppose the Motion is a strong support for the granting of it.

■ Incidentally, we note that 28 U.S.C. 455(a) has in all material respects been identically enacted as Canon 3C of the "Code of Judicial Conduct" adopted and promulgated by the United States Judicial Conference at its April 5–6, 1973 Session,

Conf.Rept.1973, pp. 9–11; as amended at its September 14–17, 1973 Session, Conf.Rept. 1973, p. 52; at its March 7–8, 1974 Semi-Annual Session, Conf.Rept.1974, p. 17; and at its March 6–7, 1975 Session, Conf.Rept.1975, pp. 12–13.

Moreover, in the last mentioned 1975 Session of the Judicial Conference, remittal or acceptance of waiver of disqualification (former Canon 3D) was stricken from the Code, with the result that the Court cannot ask or receive from counsel any waiver or remittal of the disqualification grounds under said 28 U.S.C. 455(a), and Canon 3C of the Code of Judicial Conduct, even though remittal and waiver are permitted under 28 U.S.C. 455(e). It follows that legally and factually the undersigned Judge must disqualify himself under 28 U.S.C. 144, 28 U.S.C. 455(a) and Canon 3C of the Code of Judicial Conduct as amended to date.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. That the undersigned Judge does hereby disqualify himself from any and all further matters within the hereinabove cases, causes and proceedings, pursuant to 28 U.S.C. 455(a) and Canon 3C of the Code of Judicial Conduct as amended to date.

2. That the within cases, causes and proceedings be reassigned by the Clerk in accordance with Local Rule 2 and other applicable rules and orders of this Court; and

3. That the Clerk serve copies of this Order forthwith by United States mail on counsel for all parties appearing in this cause.

## APPENDIX A

### AFFIDAVIT OF FLORA I. SPIRES

FLORA I. SPIRES, being duly sworn, hereby deposes and says:

I am one of the plaintiffs in these consolidated actions and I make this affidavit in

support of the motion by myself and the other plaintiffs for an order disqualifying the Honorable A. Andrew Hauk from proceeding further in such actions.

My lawsuit was filed on December 31, 1975 and it was assigned at that time to the Honorable A. Andrew Hauk. I was perfectly satisfied with this assignment and I had no reason at that time to doubt in any fashion the impartiality of the Honorable A. Andrew Hauk in deciding my lawsuit.

However, on April 11, 1976, defendant Hearst Corporation published a feature article on the Honorable A. Andrew Hauk in the edition for that date of the Los Angeles Herald Examiner. A true and correct copy of this feature article is attached hereto as Exhibit A and incorporated in its entirety herein by reference.

This feature article purports to reveal in a very complimentary fashion the personal and professional background of the Honorable A. Andrew Hauk and it states that Judge Hauk was nominated to the United States Ski Hall of Fame by Burt Sims, the ski writer for the Los Angeles Herald Examiner.

Since my lawsuit, like those of the other plaintiffs, concerns my position as a former newspaper dealer for the Los Angeles Herald Examiner and my treatment by that newspaper, I am very concerned that such a personal and complimentary article was published in that newspaper concerning the federal district court judge assigned to my lawsuit. I am particularly concerned since this article was published several months after my lawsuit was assigned to the Honorable A. Andrew Hauk. I understand that federal district court judges, such as Judge Hauk, are often public figures whose actions are newsworthy because of the significance of the litigation to which such judges are frequently assigned, and I would not be concerned if the attached article simply reported some judicial action taken by Judge Hauk.

However, I think that the highly personal nature of this article, coupled with the activity of the Los Angeles Herald Examiner ski writer in recommending Judge Hauk to the United States Ski Hall of Fame, makes this a different case. Given the nature of this article, I feel very strongly that an appearance of impropriety has been created here which causes me and which will cause others to have reasonable doubts concerning Judge Hauk's impartiality in dealing with my lawsuit.

Accordingly, since no proceedings have yet been conducted before Judge Hauk in my lawsuit, and since the only discovery taken to date in my lawsuit has been by my counsel on my behalf, I request that Judge Hauk disqualify himself from further proceedings herein and cause that fact to be entered in the records of the Court. This will remove any question concerning the impartiality of the federal district court judge assigned to my lawsuit and it will eliminate the appearance of impropriety which I think has been created by this activity of defendant Hearst Corporation.

(s) Flora I. Spires
FLORA I. SPIRES

Exhibit A to Affidavit of Flora I. Spires

# When Skiing...Or In Court
# It's a Learning Experience

**by JAN EDWARD WILSON**
Herald-Examiner Staff Writer

Rushing downhill at 80 m p h , there's plenty of room for error — and little time for correction. But that's the position in which a racing skier finds himself.

For U S District Judge A Andrew Hauk of Pasadena, the phenomenon of speed and error ganged up on him a score of years ago, with a resulting accident that could have ended his skiing forever

Instead of surrendering to that possibility, however, Judge Hauk conquered the torn achilles tendon, and the damage caused to his hip joint — and emerged last year in the U.S. Ski Hall of Fame

The accident happened when he was learning how to race 20 years ago Following a French champion downhill, he plowed into a hump in the snow

His distorted walk after the mishap, he reports, helped wear out a hip joint, and that painful condition's 1972 repair took him off skis for a year.

That was not Judge Hauk's only serious skiing accident Some years before he'd taken a bad fall on a jump, shattering his kneecap — with four hours of surgery needed to repair the damage.

Despite all that, however, Judge Hauk relishes competition and insists. "Today I'm skiing better than ever "

*The jurist's attitudes on his* sport, the outdoors and the law parallel in many ways "You never stop learning in the law," he maintains, "and you never stop learning on the slopes.

"And in either instance, you are shown dramatically where you go wrong — and, if you're willing, given the opportunity to correct the mistake "

Loving the mountains and the beauty of the wilderness, Judge Hauk is battled by dedicated conservationists and their resistance to ski area development.

To those stoics who would, for instance, bar ski development at San Gorgonio and Mineral King, he points out the broad wilderness expanse

"Go over the hump 150 yards from the ski area," he says, "and you see nothing There are plenty of remote areas for those who want to hike in them, but untouched *areas should be open to more* than the few strong enough to hike into them with backpacks

"I believe God put us here to use the earth, conquer and preserve it," he says

Enjoying skiing since his boyhood in Colorado, the 62-year-old judge has been a leader in numerous ski clubs and has had a part in developing such ski areas as Kratka Ridge, Snow Valley and Mt. Baldy. He also helped organize the Winter Olympics at Squaw Valley in 1960, has served as an official and has won divisional events at major skiing events

Graduated in 1935 from Regis College in Denver, he earned a bachelor of law degree in 1938 from Catholic

University of America, and in 1942 he gained a doctor of law degree at Yale Law School.

During World War II he served with Naval Intelligence as an attorney. After practicing law as a civilian, he was appointed to the Los Angeles Superior Court in 1964 — and elevated in 1966 to the federal bench

An avid sportsman, he went from high school basketball to semi-pro baseball and is a tennis enthusiast.

His election to the Hall of Fame was proposed by the Southern Skis ski club of Los Angeles, Herald-Examiner ski writer Burt Sims, and local Hall of Fame members Hannah Locke Carter, J. Stanley Mullin and John Elvrum.

The nominating biography was prepared by Russ Tiffany, editor of Far West Ski News, and endorsed by Far West Ski Assn., a division of the U.S. Ski Assn

He was one of 10 new Hall of Famers inducted in ceremonies last year at the U S. Ski Hall of Fame, Museum, Ishpeming, Mich

Judge Hauk finds a parallel between skiing and the law. "You never stop learning in the law, and in either instance you are shown dramatically where you go wrong."

"You never stop learning on the slopes," says Judge A. Andrew Hauk, who has been elected to the Ski Hall of Fame.

Los Angeles Herald Examiner CALIFORNIA LIVING Week of April 11, 1976

---

## CERTIFICATE OF GOOD FAITH

**KEVIN P. KANE,** hereby certifies:

I am an attorney duly licensed to practice law in the Central District of California and I am one of the counsel of record for plaintiffs Flora I. Spires, Robert P. Schminke, Robert K. Robinson, Frank E. Ermi and Walter J. DeRoche in this consolidated litigation.

I am familiar with the foregoing affidavits of these plaintiffs made and filed in order to obtain an order disqualifying the Honorable A. Andrew Hauk, pursuant to 28 United States Code Sections 144 and 455, from proceeding further in this consolidated litigation.

I am familiar with the contents of these affidavits and the reasons why they are made and filed in this litigation and I state that such affidavits were and are made in good faith so as to obtain the proper purposes set forth in 28 United States Code Sections 144 and 455.

This certificate is made to accompany such affidavits for such order of disqualification and it is made to fulfill the express

requirements of 28 United States Code Section 144.

DATED: August 11, 1976.
 KINDEL & ANDERSON
 ALFRED E. AUGUSTINI
 KEVIN P. KANE
 JOHN J. STUMREITER
 By (s) Kevin P. Kane
 KEVIN P. KANE
 Attorneys for Plaintiffs