Paul D. RADEMACHER, in propria
persona, Plaintiff,

v.

CITY OF PHOENIX, Mayor Tim Barrow,
Police Chief Lawrence Wetzel, City At-
torney Joe R. Purcell, Police Officer
Theresa Millwee, Asst. City Prosecutor
Donald P. Williams, et al., Defendants.

No. CIV 76–759 PHX WEC.

United States District Court,
D. Arizona.

Nov. 22, 1977.

Paul D. Rademacher, in pro. per.

Jones, Teilborg, Sanders, Haga & Parks,
Phoenix, Ariz., for defendants.

FINDINGS, CONCLUSIONS AND OR-
DER OF JUDGE HAUK ON PLAIN-
TIFF'S MOTION FOR POSTPONE-
MENT AND DELAY OF THE DIS-
QUALIFICATION HEARING SET
FOR NOVEMBER 21, 1977, AT 11:30
A.M., IF JUDGE HAUK FAILS TO
DISQUALIFY HIMSELF RELATIVE
TO PLAINTIFF'S AFFIDAVIT OF
DISQUALIFICATION UNTIL A
THREE–JUDGE COURT IS AP-
POINTED TO HEAR PLAINTIFF'S
MOTION FOR DISQUALIFICATION

HAUK, District Judge.

The Plaintiff having filed herein his Mo-
tion for Postponement and Delay of the
Disqualification Hearing Set for November
21, 1977, which Motion is dated November
21, 1977, and the Court, having been duly

assigned to this case and after allowance of oral argument and full consideration of said pleadings, plus the entire files and records herein, enters its Findings, Conclusions and Order as follows:

## FINDINGS AND CONCLUSIONS

This Court finds and concludes that Plaintiff is not entitled to a three-Judge Court for the hearing on Plaintiff's Motion for Disqualification of Judge Walter E. Craig, nor is Plaintiff entitled to a three-Judge Court for the hearing on Plaintiff's Motion for Disqualification of Judge A. Andrew Hauk. This Court further finds and concludes that Plaintiff received legally sufficient notice of the hearing set for November 21, 1977, at 11:30 A.M., under all the facts and circumstances of this case.

This Court therefore concludes that Plaintiff is not entitled to postponement and delay of the disqualification hearing set for November 21, 1977, at 11:30 A.M.

The reporter's transcript of this and related proceedings, conducted in open Court on November 21, 1977, constitutes additional findings and conclusions.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Postponement and Delay of the Disqualification Hearing Set for November 21, 1977, at 11:30 A.M. is denied.

## FINDINGS, CONCLUSIONS AND ORDER OF JUDGE HAUK ON PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE HONORABLE A. ANDREW HAUK, AFFIDAVIT OF DISQUALIFICATION, AND CERTIFICATE OF GOOD FAITH

The Plaintiff having filed herein his Motion for Disqualification of the Honorable A. Andrew Hauk, Affidavit of Disqualification, and Certificate of Good Faith, dated November 21, 1977, and the Court, having been duly assigned to this case and after allowance of oral judgment and full consid-eration of said pleadings plus the entire files and records herein, enters its Findings, Conclusions and Order as follows:

## FINDINGS AND CONCLUSIONS

Plaintiff's Motion is based upon 28 U.S.C. §§ 144 and 455 and the Code of Judicial Conduct of the A.B.A. Accordingly, this Court is required to examine the Affidavit of the Plaintiff alleging personal bias and prejudice to determine if it is legally sufficient on its face. This Court finds that Plaintiff's Affidavit and Motion are comprised of either irrelevant matters or mere conclusory assertions and allegations, and wholly fails to set forth adequate and specific facts suggesting that this Court is personally biased or prejudiced against the Plaintiff herein.

Pursuant to 28 U.S.C. §§ 144 and 455 and Canon 3C of the Code of Judicial Conduct, and the case law interpreting same, see, e. g., Spires v. Hearst Corporation, 420 F.Supp. 304, at 306 (C.D.Cal.1976), this Court concludes that Plaintiff's Affidavit is legally insufficient upon its face to require the Court to disqualify himself.

The reporter's transcript of this and related proceedings, conducted in open Court on November 21, 1977, constitutes additional findings and conclusions.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Disqualification of the Honorable A. Andrew Hauk is denied.

## FINDINGS, CONCLUSIONS AND ORDER OF JUDGE HAUK ON PLAINTIFF'S MOTION FOR DISQUALIFICATION OF HONORABLE WALTER E. CRAIG, AFFIDAVIT OF DISQUALIFICATION, AND CERTIFICATE OF GOOD FAITH

The Plaintiff having filed herein on November 4, 1977, his Motion for Disqualification of Honorable Walter E. Craig, Affidavit of Disqualification and Certificate of

Good Faith, and this Court, having been assigned to this case and after allowance of oral argument and full consideration of said pleadings plus the entire files and records herein, enters its Findings, Conclusions and Order as follows:

## FINDINGS AND CONCLUSIONS

■ Plaintiff's Motion is based upon 28 U.S.C. §§ 144 and 455 and the Code of Judicial Conduct of the A.B.A. Accordingly, this Court is required to examine Plaintiff's Affidavit of Disqualification of Judge Craig, to determine if it is (1) timely and (2) legally sufficient. *Cf., Grimes v. U. S.,* 396 F.2d 331 (9th Cir. 1968); *Spires v. Hearst Corporation,* 420 F.Supp. 304 (C.D.Cal.1976). It should further be preliminarily stated that 28 U.S.C. § 144 must be given the utmost of strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity, *Town of East Haven v. Eastern Airlines, Inc.,* 304 F.Supp. 1223 (D.Conn.1969), and to prevent abuse and to insure orderly functioning of the judicial system. *Bumpus v. Uniroyal Tire Company, Division of Uniroyal, Inc.,* 385 F.Supp. 711 (E.D.Pa.1974).

■ First, this Court concludes that Plaintiff's Motion and Affidavit for Disqualification of Judge Craig are untimely under 28 U.S.C. § 144. This action was filed by Plaintiff in 1975 or earlier. Judge Craig dismissed the Plaintiff's Complaint in its entirety by Orders entered on September 21, 1977, September 29, 1977, and October 17, 1977. Plaintiff filed his Motion for Disqualification of Judge Walter E. Craig on November 4, 1977. A litigant cannot take his chances with a Judge and then, if dissatisfied, secure a disqualification of that Judge and try again in front of another Judge. *Taylor v. U. S.,* 179 F.2d 640 (9th Cir. 1950). Moreover, virtually all of the alleged information set forth in Plaintiff's Motion and Affidavit has been known to Plaintiff for years, and Plaintiff's Motion could have been made much earlier, and could have been made before Judge Craig considered the latest Motion to Dismiss brought by Defendants. If the alleged information upon which the Motion for Disqualification is based was known or knowable to the movant a considerable period of time prior to the Motion, then such a Motion is untimely. *Cf., Spires v. Hearst Corporation, supra; Hirschkop v. Virginia State Bar Association,* 406 F.Supp. 721 (E.D.Va.1975). By reason of the untimeliness alone, Plaintiff's Motion for Disqualification of Judge Craig must be denied.

■ Secondly, this Court concludes that Plaintiff's Motion for Disqualification of Judge Craig is legally insufficient under 28 U.S.C. §§ 144 and 455. Plaintiff's Affidavit and Motion are comprised of either irrelevant matters or mere conclusory assertions and allegations, and wholly fails to set forth adequate and specific facts suggesting that Judge Craig is personally biased or prejudiced in any manner whatsoever against the Plaintiff, or that his complete impartiality might reasonably be questioned. Mere conclusory assertions and allegations are not enough to require a Judge to recuse himself, or to require this Court to grant Plaintiff's Motion for Disqualification of Judge Craig. *Willenbring v. U. S.,* 306 F.2d 944 (9th Cir. 1962); *Action Realty Company v. Will,* 427 F.2d 843 (7th Cir. 1970). An Affidavit of Prejudice must state facts with sufficient particularity, and must be such as to convince a reasonable man that actual bias or prejudice exists, and that such bias is personal, as opposed to judicial in nature. *U. S. v. Thomas,* 299 F.Supp. 494 (E.D.Mo.1968). Nor is there the slightest showing of even the appearance of bias, prejudice or lack of impartiality.

Additional support of this Court's conclusion, that Plaintiff's Motion for Disqualification is defective because it fails to set forth facts which are legally sufficient to show personal bias or prejudice or the appearance thereof on the part of Judge Craig, can be found in *Spires v. Hearst Corporation,* supra, and cases cited therein.

The reporter's transcript of this and related proceedings, conducted in open Court on November 21, 1977, constitutes additional findings and conclusions.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Disqualification of the Honorable Walter E. Craig is denied.