Kaplan & Randolph by Mark Vincent Kaplan, Los Angeles, Cal., for plaintiff.

**CHURCH OF SCIENTOLOGY OF CALIFORNIA, a corporation, Plaintiff,**

Morgan, Wentzel & McNicholas by Darryl Dmytriw, Los Angeles, Cal., for defendant.

v.

**Paulette COOPER, Defendant.**

**No. CV 78–2053–AAH(PX).**

United States District Court,
D. C. California.

June 18, 1980.

DECISION AND ORDER GRANTING PLAINTIFF'S AFFIDAVIT FOR DISQUALIFICATION AND REASSIGNMENT OF CASE AND NOTICE TO COUNSEL

HAUK, District Judge.

This matter has now come on for hearing in the above-entitled Court on Monday, June 16, 1980, at 1:00 p. m. upon plaintiff's Motion for Recusal, pursuant to 28 U.S.C.

§ 144 [1]; 28 U.S.C. § 455(a) [2] and Canon 3 C of the Code of Judicial Conduct [3]; the Affi- davits of Muriel Yassky,[4] and Rebecca Chambers,[5] and the Certificate of Good

**1. § 144. Bias or prejudice of judge**

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**2. § 455. Disqualification of justice, judge, or magistrate**

*(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.*

**3. C.** *Disqualification*

(1) A judge shall disqualify himself in a proceeding in which his . . . impartiality might reasonably be questioned, . . . .

**4. STATE OF CALIFORNIA )**
                                          )  ss
**COUNTY OF LOS ANGELES )**

I, Muriel Yassky, do hereby depose and say: On July 19, 1979, I was present on the premises of the United States District Court, Central District of California, located in Los Angeles. I was working in a voluntary capacity for the Church of Scientology. My function as a volunteer was to perform various duties necessary to the smooth running of the Church related litigation which was ongoing at the time. I was serving in a logistic liaison capacity.

At about 10:15 a. m. I was entering the elevator at the Spring Street side of the court house building. I was accosted by a man who yelled "Who are you?" and then he yelled, "Do you work here?"

He then grabbed me by the arm and forcefully pulled me out of the elevator.

I asked him to identify himself and he did so. He identified himself as Judge Hauk.

Judge Hauk ordered me over to the Guard's table and escorted me there.

I did not have any identification with me, so Judge Hauk ordered the Guard to accompany me to the witness room where my purse was located to obtain the identification.

During the whole period of time that I observed Judge Hauk's behavior, he was very irate. He angrily recounted something about posters and stickers being put up. Apparently the posters had something about Marshals assassinating government witnesses. Judge Hauk referred to this and said he was sick of it. He asked me while at the Guard Table if I was with Scientology. I answered affirmatively. He asked me how long I'd been with Scientology. I answered fifteen years. He asked if I were a member of "this Guardian Office." I answered negatively.

While his anger was directed at me personally, he repeatedly questioned me on my connection to Scientology and intermittently made reference to the posters. Judge Hauk informed the Guard that if, while taking me to check my identification, I gave the guard any trouble to, "slap her in irons and bring her to me."

As soon as the Judge left, the Marshal walked me back to check my identification and we amicably settled the situation.

/s/ Muriel Yassky
Muriel Yassky

Subscribed and sworn to before me, this 14th day of May, 1980.

[seal]

/s/ Ben Mustard
Notary Public

**5. MARK VINCENT KAPLAN**

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Faith of Mark Vincent Kaplan, Esq.,[6] filed May 16, 1980, together with points and authorities; and arguments of counsel; and the Court having considered all the afore-

NO. CV 78–2053

AFFIDAVIT OF DISQUALIFICATION OF

HONORABLE A. ANDREW HAUK

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) ss.: |
| COUNTY OF LOS ANGELES | ) |

I. Rebecca Chambers, being duly sworn, deposes and says:

1. She is the duly authorized officer of the Plaintiff in the above-entitled action.

2. The Plaintiff herein believes and avers that the judge before whom this action has been transferred and is now pending, Honorable A. ANDREW HAUK, has a personal bias and prejudice against the said Plaintiff, CHURCH OF SCIENTOLOGY OF CALIFORNIA.

3. The facts and reasons for the belief that such personal bias and prejudice does in fact exist are as hereinafter set forth in the Affidavit on file of MS. MURIEL YASSKY and the foregoing Memorandum of Points and Authorities, and I hereby affirm that all the information contained therein is true and correct to the best of my knowledge and forms the basis of my belief in the existence and extent of the bias of the Honorable A. ANDREW HAUK.

Dated:   May 15, 1980

/s/ Rebecca Chambers
REBECCA CHAMBERS, CHURCH OF SCIENTOLOGY OF CALIFORNIA

Subscribed and sworn to before me this 15th day of May, 1980.

[seal]

/s/ Ben Mustard
NOTARY PUBLIC

6.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH OF SCIENTOLOGY OF CALIFORNIA, a corporation, Plaintiff, | ) ) ) ) |
| vs. | ) |
| PAULETTE COOPER, Defendant. | ) ) ) ) |

NO. CV 78 2053 F (PX)

CERTIFICATE OF GOOD FAITH

MARK VINCENT KAPLAN certifies:

1. That I am counsel of record for the Defendant CHURCH OF SCIENTOLOGY OF CALIFORNIA in this cause;

2. That as such I am familiar with the Affidavit of MURIEL YASSKY, made and filed to attain the recusal of the Honorable ANDREW A. HAUK under 28 U.S.C. § 144.

3. That I am familiar with the contents of said Affidavit and the reasons it is made and filed in this cause and states that said Affidavit is and was made in good faith and I have sought to examine all the participants with regard to these allegations set forth in Affidavit of Muriel Yassky and that I have found that examination and investigation fully support the veracity of said allegations and find them to be true to the best of my information and belief based on these interviews and examinations.

4. That this Certificate is made in support of the Affidavit for Recusal and is made to fulfill the express requirements of 28 U.S.C. § 144.

said now makes its Order and Decision granting said Motion for Recusal.

## FINDINGS AND CONCLUSIONS

■ Since they are based upon 28 U.S.C. §§ 144 and 455 and Code of Judicial Conduct, Canon 3 C, we are required to examine plaintiff's Affidavits and Certificate to determine if they meet the tests required by the United States Code and said Canon, namely, those of (1) timeliness and (2) legal sufficiency. If they do, then the factual allegations contained in the Affidavit *must* be taken as true and the Court has no power or authority to contest in any way whatsoever the necessary acceptance of truthfulness of the facts alleged, even though the Court may be aware of facts which would indicate clearly the falsity of any such allegations. *Berger v. United States,* 255 U.S. 22, 33, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Botts v. United States,* 413 F.2d 41 (9th Cir. 1969); *United States v. Tropiano,* 418 F.2d 1069 (2d Cir. 1969); *Lyons v. United States,* 325 F.2d 370 (9th Cir. 1963), *cert. den.* 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964). *See also: United States v. Zarowitz,* 326 F.Supp. 90, 91 (C.D.Cal.1971), *United States v. Zerilli,* 328 F.Supp. 706, 707 (C.D.Cal.1971), *Spires et al. v. Hearst,* 420 F.Supp. 304, 306–307 (C.D.Cal.1976), *State of California et al. v. Kleppe,* 431 F.Supp. 1344 (C.D.Cal.1977),

and *Hayes v. National Football League et al.,* 463 F.Supp. 1174 (C.D.Cal.1979). *Cf.: Mavis v. Commercial Carriers, Inc.,* 408 F.Supp. 55, 58 (C.D.Cal.1975).

While perhaps not essential, it does seem to us appropriate, that we should now affirm that the Judge herein does not have, nor did he ever have, any personal bias or prejudice in the slightest degree for or against any of the parties to the case, cause and proceeding herein, and more particularly, does not now have and never did have any such personal bias or prejudice in the slightest degree against the Church of Scientology, plaintiff herein. Nor has the Judge ever knowingly or unknowingly given any cause for allegations of any such alleged personal bias or prejudice, or belief therein or suspicion thereof.

At the outset it might be argued with some possible justification that the plaintiff's Affidavits and Certificate are not "timely" within the meaning of 28 U.S.C. § 144, since they were not filed until May 16, 1980, whereas the action herein was transferred to this Court from the Hon. Warren J. Ferguson on December 27, 1979. However, it should be noted that this Court's Clerk received from plaintiff's counsel, Mark Vincent Kaplan, Esq., a letter addressed to the Court dated February 4, 1980,[7] requesting the Court to recuse itself

---

■ Dated: .

LAW OFFICES OF MARK VINCENT KAPLAN

By: /s/ Mark Vincent Kaplan
MARK VINCENT KAPLAN

---

7.                February 4, 1980
The Honorable A. Andrew Hauk
·Judge of the United States
District Court
312 N. Spring Street
Los Angeles, California 90012
   Re:  Church of Scientology of California v.
        Paulette Cooper         ·
        Case No. CV 78–2053–F (Px)
Dear Judge Hauk:
   Please be advised that I am the attorney of record for the Church of Scientology of California in the above-referenced matter. As the file in this matter will clearly reflect, I was substituted as counsel of record on or about the date

of October 15, 1979. Within the last two weeks, it has come to the attention of my client and myself, that a bias exists on behalf of the Court in this matter. As will hereinafter be more fully set forth, the result of this bias compels me to request that this Honorable Court disqualify itself on the basis of the alleged bias regarding the Church of Scientology of California.
   I am writing this letter on an informal basis and should the Court so desire, I will proceed, if necessary, with a formal affidavit and certificate of good faith pursuant to 28 U.S.C. § 144 and § 455, as hereinafter indicated.

from the matter herein. The Clerk's response to this request was made in a letter from Law Clerk Brian A. Sun to Mr. Kaplan, dated February 11, 1980,[8] indicating to

Finally, I wish to state that although my attention was first addressed to the factual criteria which give rise to this letter within the last few weeks, I have awaited sufficient documentation from my client for the purposes of documenting the events which are alleged to have occurred.

As we are all aware, the transfer of this case before this Honorable Court from the Court of Judge Ferguson was a result of the elevation of Judge Ferguson to the Ninth Circuit Court of Appeals. I pursue this matter with the Court at this time inasmuch as there have been no substantive proceedings regarding the subject case addressed to this Court to date.

The factual incidents which have given rise to the opinion of my client, in which counsel joins, are as follows:

1. On or about July 19, 1979, one Muriel Yassky, a member of the Church of Scientology, was present at the United States District Court building for the Central District of California. Ms. Yassky was standing outside the elevators on the fourth floor when, it is alleged, that Your Honor ordered Ms. Yassky out of the elevator and proceeded to direct Ms. Yassky to the guard's table for the purpose of identifying herself and her purposes for being in the Courthouse building. It is further alleged that Your Honor requested Ms. Yassky to identify whether she was with Scientology and/or with "this guardian office", referring to the office of the Church of Scientology.

2. Evidently, at the time of the incident, posters had been placed upon Courthouse property indicating, in substance, that marshals were responsible for the killing of government witnesses. Ms. Yassky indicated that from the manner in which Your Honor focused upon her presence and her affiliation with Scientology, that Your Honor seemed to equate the responsibility for the posting of these anti-government slogans with members of the Church of Scientology. From the data available to the undersigned, there is no reason why the presence of anti-government posters in the Courthouse should any way have been automatically equated with the presence of Scientologists in the Courthouse. I am prepared, if necessary, to supply affidavits from the principals involved in this matter to substantiate the relevant factual allegations.

The undersigned joins in the good faith belief of my client that the facts of the subject incident indicate that there exists on behalf of the Court, a bias towards members of Scientology as well as Scientology as an organization. I would be prepared, if necessary, to file a formal affidavit and certificate of good faith placing before the Court our request for disqualification in the above-referenced matter pursuant to 28 U.S.C. § 455, 28 U.S.C. § 144, Canon 3 C of the Code of Judicial Conduct as amended to date.

Finally, I respectfully request that this Court reassign the above-referenced matter to a different Court in accordance with local Rule 2 as well as other applicable rules and orders of this Court.

The exercise of your sound discretion will be greatly appreciated and I remain ready to proceed should the Court so desire.

> Sincerely,
> LAW OFFICES OF KAPLAN
> AND RANDOLPH
> MARK V. KAPLAN

MVK/ia

---

8.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA
#### UNITED STATES COURTHOUSE
#### LOS ANGELES, CALIFORNIA 90012

CHAMBERS OF
A. ANDREW HAUK
UNITED STATES DISTRICT JUDGE

February 11, 1980

Mark V. Kaplan, Esq.
Law Offices of Kaplan and Randolph
11620 Wilshire Boulevard
Sixth Floor
Los Angeles, California 90025

Dear Mr. Kaplan:

In response to your letter of February 4, 1980, you should be advised that Local Rule 1.8 of the Rules of the United

Mr. Kaplan that this Court would not act upon his letter because his *ex-parte* communication with the Court was inconsistent with and in violation of Local Rule 1.8 of the Rules of the United States District Court, Central District of California.

While the Court, therefore, has some doubt about the validity of measuring "timeliness" by the five week interval which elapsed between the date of transfer of this case from Judge Ferguson and Mr. Kaplan's February 4, 1980, letter, rather than by the five month interval between Judge Ferguson's transfer and the filing of the within Motion, the Court nevertheless finds that the herein Affidavits and Certificate were timely, and Mr. Kaplan's letter-writing efforts to bring this Motion to the attention of the Court, while not made in accordance with the Local Rules and accepted practice, were apparently made in good faith and sufficiently set forth legal "timeliness."

Now, the next question is whether or not the Affidavit and Certificate are "legally sufficient" within the meaning of the same statutory sections and Canon. Certainly they appear to be and the Court so finds. They are in proper form; they assert alleged facts and not just conclusions of law; and so, in line with the cases the Court has previously cited, they are legally sufficient. The only question left is whether facts are alleged which require the Judge to disqualify or recuse himself under 28 U.S.C. § 455(a) and Code of Judicial Conduct, Canon 3 C.

As stated earlier, the Court recognizes that the factual allegations contained in the Affidavit *must* be taken as true and the Court has no power or authority to contest in any way whatsoever the necessary acceptance of truthfulness of the facts alleged, even though the Court may be aware of facts which would indicate clearly the falsity of any such allegations. In that regard, and for the record, the Court strongly takes issue with the alleged facts asserted in the Affidavits of Muriel Yassky and Rebecca Chambers, and the Certificate of Good Faith of Mark Vincent Kaplan, Esq.

The so-called "elevator incident" referred to in plaintiff's moving papers did not occur exactly as alleged. On July 19, 1979, upon Judge Hauk's driving into the Courthouse garage, Federal Protective Service Contract Guard Officer Jennifer Jackman, guarding the entrance to the Main Street Garage, told Judge Hauk that a number of stickers had been found pasted to the front door of the building, the sentry box on the Spring Street Parking level, and elsewhere, labelling the United States Marshals as assassins. She reported to Judge Hauk that she had also heard about an episode of a lady found wandering in a Judge's private hallway.

Acting in his capacity as Vice Chairman of the Security Committee, and Acting Chairman in Judge Firth's absence, and carrying out the duties delegated to him by the mandatory and unanimous Order of all

States District Court, Central District of California, entitled "Correspondence and Communications with the Judge," clearly states that attorneys "should refrain from writing letters to the Judge" of an ex parte nature or "otherwise communicating with the Judge unless opposing counsel is present." Judge Hauk follows a policy which adheres to the aforesaid rule and would expect your request to be submitted in the proper written form and notice given to all parties involved. At that time, your recusal request will be addressed by the Court.

If you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,
/s/ Brian A. Sun
Brian A. Sun
Law Clerk to
Judge A. Andrew Hauk

of the Judges of this Federal District Court, Judge Hauk proceeded to inquire further into these reports. He checked with the United States Marshal's Office who reported that they had heard of the same incidents and told him that copies of the label were in the Federal Protective Service Office on the Main Street level. Judge Hauk proceeded there and saw one of the labels, green background with black printing, and the legend: [9]

> "U. S. Marshals Are
> Assassinating
> Governments Witness."

Judge Hauk then went out into the Main Street lobby area to discuss with the Federal Protective Service Contract Guard there, Walter H. Bonner, whether or not he (Bonner) had seen any unusual or improper activities with respect to the pasting of the labels, the use, or misuse, of the Main Street garage and Spring Street parking area by any unauthorized persons, or any other activities indicating any breach of security in the Courtrooms or Courthouse. At that time, Judge Hauk noticed, standing between himself and the officer, near the officer's desk, and in the space immediately adjacent to the elevators, a young lady, apparently endeavoring to eavesdrop upon Judge Hauk's conversation with the Officer. When Judge Hauk looked at her, she turned her eyes up and pretended not to be listening or interested in what he was saying.

Judge Hauk went over and asked her what she was doing in the building and she replied "Oh, nothing in particular." He asked her again what she was doing, and she again said "Nothing in particular." The Judge asked her name, and she refused to give it to him, and said she was going upstairs "for a cup of coffee."

Whereupon Judge Hauk asked her to come over to the officer's desk, and escorted her to said desk to answer a few questions. She came over and Judge Hauk asked her name, address and telephone number, requesting the Officer to write them down as she gave them—Muriel Yassky, 5959 Franklin Avenue, Apt. 407, Hollywood, California 90028, phone no. 462–0135. Judge Hauk further asked her for her I.D., which she said was "upstairs in the waiting room." At that point, the Chief Deputy Marshal, James L. Propotnick, appeared on the scene and Judge Hauk asked him to go with the young lady to the waiting room and check out the I.D. she mentioned. At no time did Judge Hauk ever state that Ms. Yassky should be "slapped in irons" if she resisted the Marshals.

■ Despite the problems the Court has with the factual allegations contained in plaintiff's motion, and despite the Court's firm recollection and conviction that the allegations are false, it feels compelled and bound to follow the more prudent course of granting the plaintiff's Motion for Recusal. Canon 3 C(1) and 28 U.S.C. § 455(a) mandate that a Judge shall disqualify himself whenever *"his impartiality might reasonably be questioned."* The Court herein finds that plaintiff's Motion for Recusal, while indeed false and erroneous in its allegations, is based upon what Ms. Yassky and plaintiff's counsel apparently feel is reasonable. Moreover, it has been said in some cases and by some authorities that recusal should be granted, pursuant to the aforementioned Canon 3 C(1) of the Code of Judicial Conduct, and 28 U.S.C. § 455(a), in such a situation, even when the Court is in doubt as to the "reasonableness" of an affiant's belief. This conclusion is reached on the basis of the Court's recognition of the sensitive nature of the case itself and the principles underlying the pertinent sections of the United States Code and the Code of Judicial Conduct, as well as other relevant

## 9. U. S. Marshals Are
## Assassinating
## Governments Witness

factors governing Judicial disqualifications, having in mind that when in doubt the Court should resolve the issue in favor of the party seeking recusal. *E. g. Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976); *Hodgson v. Liquor Salesmen's Union*, 444 F.2d 1344, 1348 (2d Cir. 1971). Of course, this does not constitute any finding or conclusion that the plaintiff's allegations are factually true or have any real substantive merit, nor does it have any bearing whatsoever upon the merits of the basic cause of action.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. That the undersigned Judge does hereby disqualify and recuse himself from any and all further matters in the within case, cause and proceeding, pursuant to 28 U.S.C. § 455(a) and Canon 3 C(1) of the Code of Judicial Conduct, as amended to date, and pursuant, of course, also, to the Affidavits and Certificate filed herein by and on behalf of the plaintiff;

2. That the within case, cause and proceeding be and the same hereby is returned to the Clerk for random transfer and reassignment by the Clerk to another Judge of this District Court, Central District of California, in accordance with the applicable Rules and Orders of this Court, particularly General Order No. 104, filed January 18, 1971, Part Two, Section One, Paragraph I; and

3. That the Clerk serve copies of this Decision and Order forthwith by United States mail on counsel for all parties appearing in this case, cause and proceeding.