Frederick Ryan HAYES, Plaintiff,

v.

NATIONAL FOOTBALL LEAGUE, an Unincorporated Association, San Francisco 49ers, a Limited Partnership, Oakland Raiders, a Limited Partnership, New England Patriots Football Club, Inc., a Massachusetts Corporation, Minnesota Vikings Football Club, Inc., a Minnesota Corporation, the Five Smiths, Inc., a Georgia Corporation, Baltimore Football, Inc., a Maryland Corporation, Highwood Service, Inc., a Michigan Corporation, Chicago Bears Football Club, Inc., an Illinois Corporation, Cincinnati Bengals, Inc., an Ohio Corporation, Cleveland Browns, Inc., a Delaware Corporation, Dallas Cowboys Football Club, Inc., a Texas Corporation, Empire Sports, Inc., a Colorado Corporation, the Detroit Lions, Inc., a Michigan Corporation, Green Bay Packers, Inc., a Wisconsin Corporation, Houston Oilers, Inc., a Texas Corporation, Kansas City Chiefs Football Club, Inc., a Texas Corporation, Los Angeles Rams Football Company, a Maryland Corporation, Miami Dolphins, Ltd., a Limited Partnership, New Orleans Saints, a Partnership, New York Football Giants, Inc., a New York Corporation, New York Jets Football Club, Inc., a Delaware Corporation, Philadelphia Eagles Football Club, a Limited Partnership, Leonard Tose, General Partner in the Philadelphia Eagles Football Club, Herbert Barness, John Firestone, Anne J. Firestone, Executrix of the Estate of Roger Firestone, and Walter Leventhal, Limited Partners in the Philadelphia Eagles Football Club, Pittsburgh Steelers Sports, Inc., a Pennsylvania Corporation, Chargers Football Company, a Limited Partnership, Chicago Cardinals Football Club, Inc., an Illinois Corporation, Pro-Football, Inc., a Maryland Corporation, Tampa Bay Buc-caneers, Seattle Seahawks, Alvin Ray Rozelle, Carroll Rosenbloom, Chuck Knox, Norm Pollom, Don Klosterman, Jack Teele, Defendants.

No. 76–3911–AAH.

United States District Court, C. D. California.

Jan. 17, 1979.

Pechner, Dorfman, Wolffe, Rounick &
Cabot, by Leonard Schaeffer, Philadelphia,
Pa., for plaintiff.

O'Melveny & Myers, by Joseph M. Malkin, Los Angeles, Cal., for defendants, National Football League, San Francisco 49ers, Oakland Raiders, New England Patriots Football Club, Inc., Minnesota Vikings Football Club, Inc., The Five Smiths, Inc., Baltimore Football, Inc., Highwood Service, Inc., Chicago Bears Football Club, Inc., Cincinnati Bengals, Inc., Cleveland Browns, Inc., Dallas Cowboys Football Club, Inc., Empire Sports, Inc., the Detroit Lions, Inc., Green Bay Packers, Inc., Houston Oilers, Inc., Kansas City Chiefs Football Club, Inc., Miami Dolphins, Ltd., New Orleans Saints, New York Football Giants, Inc., New York Jets Football Club, Inc., Philadelphia Eagles Football Club, Leonard Tose, Herbert Barness, John Firestone, Anne J. Firestone, Executrix of the Estate of Roger Firestone, Walter Leventhal, Pittsburgh Steelers Sports, Inc., Chargers Football Co., Chicago Cardinals Football Club, Inc., Pro-Football, Inc., Tampa Bay Buccaneers, Seattle Seahawks, and Alvin Ray Rozelle.

Munger, Tolles & Rickershauser, Los Angeles, Cal., and Hookstratten & Byrne, Beverly Hills, Cal., by Jefferey I. Weinberger, Los Angeles, Cal., for defendants, Los Angeles Rams Football Co., Carroll Rosenbloom, Chuck Knox, Don Klosterman, Jack Teele and Norm Pollom.

### FINDINGS, CONCLUSIONS AND ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF TRIAL JUDGE

HAUK, District Judge.

This matter came on for hearing Monday, January 15, 1979, at 10:00 a. m., before the Honorable A. Andrew Hauk, United States District Judge, to whom the case, cause and proceedings herein[1] were heretofore assigned by lot under the rules, regulations and orders of this United States District Court for the Central District of California, and particularly General Order No. 104 thereof, upon the following papers and pleadings:

1. Document entitled "Notice of Motion to Disqualify Judge Hauk," filed December 20, 1978, signed by Leonard Schaeffer, Esq., and William H. Bishop, Esq., attorneys for plaintiff and dated December 8, 1978. And attached to said document were the following papers:

   A. Document entitled "Memorandum of Points and Authorities in Support of Statement of Disqualification of Judge," signed by Leonard Schaeffer, Attorney for plaintiffs.

   B. Document entitled "Certificate of Service."

   C. Document entitled "Reporter's Transcript of Proceedings, Place: Los Angeles, California, Date: Monday, June 26, 1978," attached as Exhibit A to plaintiffs' Points and Authorities.

2. In reply thereto, defendant National Football League filed an opposition to the Motion to Disqualify Judge Hauk with Points and Authorities.

3. By separate document, defendants Los Angeles Rams Football Company, Carroll Rosenbloom, Chuck Knox, Don Klosterman, Jack Teele and Norm Pollom incorporated defendant National Football League's opposition as their own.

After full consideration of each and all of said pleadings and points and authorities

---

1. This is a civil action for breach of contract and for antitrust violations under the Sherman Act, 15 U.S.C. § 1 et seq., and the Clayton Act, 15 U.S.C. § 12 et seq. The plaintiff, Frederick Ryan Hayes, was drafted in the 11th round by the defendant RAMS in the 1974 player draft. The plaintiff was allegedly injured on July 31, 1974, during a practice session held by the defendant RAMS. On August 19, 1974, the plaintiff was "waived" or released from employment. The plaintiff alleges that the defendant RAMS and various employees failed to honor the terms of its contract with the plaintiff in that defendant RAMS had guaranteed him full salary for the term of the contract (2 years) if he was injured in the performance of his duties. Additionally, the plaintiff alleges that defendants the National Football League, each of its member clubs and Alvin Ray 'Pete' Rozelle, have conspired to monopolize the market for professional football talent and used this monopoly to force plaintiff to accept a "Standard Player's Contract."

therein contained, and the oral arguments made before the Court on Monday, January 15, 1979, and good cause appearing, the Court orally discussed the various contentions and made its oral order refusing to disqualify, recuse or excuse itself from further proceedings in this case, and noted that it would make and enter written Findings, Conclusions and Order, which it now does, as follows:

### FINDINGS AND CONCLUSIONS

1. *The contentions contained in the Memorandum of Points and Authorities of plaintiff's attorney for Disqualification of the Court are, and each of them is, legally insufficient under 28 United States Code 144.*

■ Plaintiff here moves for disqualification under 28 U.S.C. § 144.[2] Under Section 144, the movant is required to file an affidavit stating the facts and the reasons for disqualification signed by the *party*. Also, this section requires that the affidavit be accompanied by a certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144.

The only documents pertaining to this motion and filed by the plaintiff are those listed above. Plaintiff has not filed an affidavit signed by a party. Furthermore, plaintiff's Memorandum of Points and Authorities cannot fulfill the requirement of an affidavit under § 144 since it is well settled that any affidavit submitted pursuant to § 144 must be signed by a party. *Giebe v. Pence*, 431 F.2d 942, 943 (9th Cir. 1970).

Plaintiff's counsel of record has also failed to submit a certificate of good faith as required by Section 144.

Movant herein has utterly failed to comply with the most basic requirements of Section 144. In view of the explicit language of Section 144, denial of this motion for disqualification is warranted on the ground of lack of compliance with Section 144, in that plaintiff failed to file an affidavit stating the facts and the reasons for disqualification signed by the party, or a certificate of counsel of record stating that the motion is made in good faith. *Galella v. Onassis*, 487 F.2d 986 (2nd Cir. 1973); *Giebe v. Pence*, 431 F.2d 942, *supra*; *Walters v. United States*, 404 F.Supp. 996 (D.C.N.Y. 1975), aff'd 542 F.2d 1166 (2d Cir. 1976); *United States v. Clark*, 398 F.Supp. 341 (D.C.Pa.1975), aff'd 532 F.2d 745 (3d Cir. 1976).

2. *Assuming the papers submitted by plaintiff's counsel had been signed and sworn to by the party, Frederick Ryan Hayes, they would still be legally insufficient under 28 United States Code, Section 144, and 28 United States Code, Section 455.*

While the points already made are sufficient in and of themselves to require this Court to deny the motion by plaintiff's counsel for the Court to disqualify itself in this case, we will, for the purpose of the following discussion, assume that a proper affidavit had been filed stating the facts and reasons for disqualification as they appear in plaintiff's memorandum of points and authorities. Further we will assume, for purposes of this discussion, that a proper certificate of good faith had accompanied such a missing affidavit. Nevertheless, even assuming these to be the facts, which they obviously are not, it is just as certain

---

**2.** Section 144 provides as follows:

§ 144. *Bias or prejudice of judge*

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144.

that this affidavit would be legally insufficient under 28 U.S.C. § 144 and 28 U.S.C. § 455.[3]

In plaintiff's memorandum of points and authorities plaintiff's counsel sets forth two contentions for alleged disqualification of the Court:

(i) That the Court has already determined that the factual situation and holding in *Chuy v. Philadelphia Eagles,* 407 F.Supp. 717 (E.D.Pa.1976) should control the outcome of plaintiff's antitrust count.

(ii) That in denying petitioner's Request for Production of Documents, the Judge demonstrated an obvious predisposition upon the issues, and a specific dislike of both petitioner and his counsel.

█ In analyzing these contentions, the Court is cognizant of its duty and function in passing on the legal sufficiency of an affidavit for disqualification. Although the Court must pass on the legal sufficiency of the affidavit, the Judge against whom an affidavit of prejudice is filed cannot pass on

---

3. Section 455 provides as follows:

§ 455. *Disqualification of justice, judge, magistrate, or referee in bankruptcy*

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, magistrate, or referee in bankruptcy shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

28 U.S.C. § 455.

the truth or falsity of the facts as stated in the affidavit but must take all factual allegations as true notwithstanding the Judge's desire to challenge the truth of the affidavit. *Berger v. United States,* 255 U.S. 22, 33, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *United States v. Bray,* 546 F.2d 851 (10th Cir. 1976); *United States v. Montecalvo,* 545 F.2d 684 (9th Cir. 1976), *cert. den.,* 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229 (1977); *Botts v. United States,* 413 F.2d 41 (9th Cir. 1963); *United States v. Tropiano,* 418 F.2d 1069 (2d Cir. 1969); *Lyons v. United States,* 325 F.2d 370 (9th Cir. 1963), *cert. den.,* 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964).

With this in mind, let us analyze these two contentions.

### First Contention of Plaintiff

■ It must be remembered that the alleged bias and prejudice, to be disqualifying, must stem from an extrajudicial source and result in an opinion of the merits on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966), *Berger v. United States,* 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481 (1921), *Wolfson v. Palmieri,* 396 F.2d 121, 124 (2d Cir. 1968).

■ Plaintiff's memorandum of points and authorities is completely devoid of any allegation of fact showing that the court's determination of the effect of the *Chuy* decision upon the present action stems from any extrajudicial source. The Court, to perform its duty, must be free to determine the applicability of prior case law and other authority to the issues before it, so long as that determination is made upon judicial, rather than extrajudicial sources. Absent any showing that such a determination has been made upon extrajudicial sources, it is the duty of the Court to retain the action and deny the motion for disqualification. To do otherwise, would result in a distortion of our judicial system. Accordingly, even if plaintiff had submitted an affidavit with the facts and reasons for disqualification as set forth in plaintiff's counsel's memorandum of points and authorities, the plaintiff's first contention would be and is legally insufficient under 28 U.S.C. § 144 and 28 U.S.C. § 455, because plaintiff has utterly failed to show that this alleged determination of the authority of prior case law stemmed from extrajudicial sources.

### Second Contention of Plaintiff

Plaintiff charges that, in denying petitioner's Request for Production of Documents, the Court here demonstrated an obvious predisposition upon the issues and a specific dislike of both petitioner and his counsel. Here again, the Court finds that there are insufficient facts alleged to support the necessary legal sufficiency required for disqualification.

■ As noted above, the Court must take the factual allegations as true. Conclusory allegations, however, do not justify disqualification and are not protected from judicial scrutiny. *United States v. Goeltz,* 513 F.2d 193 (10th Cir. 1975), *cert. den.,* 423 U.S. 830, 96 S.Ct. 51, 46 L.Ed.2d 48 (1975); *Griffith v. Edwards,* 493 F.2d 495 (8th Cir. 1974); *Hawaii-Pacific Venture Capital Corp. v. Rothbard,* 437 F.Supp. 230 (D.C.Hawaii 1977). Accordingly, the Court must look beyond plaintiff's conclusory assertion that the Court demonstrated an obvious predisposition and specific dislike, and must determine whether there are facts presented by the plaintiff to support these bald assertions.

For the record, we feel constrained to affirm that the Judge does not now have, nor did he ever have, any personal bias or prejudice in the slightest degree for or against any of the parties to this case, cause and proceeding herein, and more particularly, does not have now, nor did he ever have any such personal bias or prejudice in the slightest degree against the plaintiff, Frederick Ryan Hayes, or his counsel.

On June 26, 1978, plaintiff appeared before this Court on his motion to compel Production of Documents and Answers to Interrogatories. Plaintiff's motion was de-

nied as to all documents and answers to interrogatories. Plaintiff has attached a copy of the Reporter's Transcript of that proceeding as Exhibit A to its Memorandum of Points and Authorities and has quoted specific portions of this hearing in his points and authorities. It is this hearing and statements made by the Court during this hearing that serve as the basis for plaintiff's second contention.

The question we must turn to then, is whether or not the statements of the Court made during this proceeding (assuming for the moment that an appropriate affidavit of a *party* and an appropriate certificate of good faith have been filed as required by 28 U.S.C. § 144, containing allegations the Court must accept as true, in the absence of any contradictory evidence which as has been noted is absolutely impermissible under 28 U.S.C. § 144), are legally sufficient to show any one of the disqualifying grounds set forth in the new Federal statute on disqualification of Judges, 28 U.S.C. § 455, and in the new "Code of Judicial Conduct for the United States Judges" which was promulgated and enacted by the United States Judicial Conference at its semiannual session, March 7 and 8, 1974, and amended at its March 6 and 7, 1975 session.

Now, today, 28 U.S.C. § 455 and the Code of Judicial Ethics, Canon 3 C are virtually identical, with only one difference and that is that the Judicial Conference has ruled in eliminating former Canon 3 D that there cannot be a waiver of any of the grounds for disqualification, whereas 28 U.S.C. § 455(e) provides that waiver can be accepted as to the ground for disqualification, under subsection (a).

Let us take up the first ground for disqualification in 28 U.S.C. § 455(a). It provides that:

"Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Canon 3 C(1) states the same ground, but then adds additional grounds which are set forth in subsections (b) and (c) of 28 U.S.C. § 455.

■ Thus, it is incumbent upon us first to determine whether this is a proceeding in which the Judge's impartiality might reasonably be questioned. Disqualification or recusal certainly is not automatically required merely upon the filing of the request, declarations or affidavits. If there were support for this line of reasoning, the floodgates would be opened to "judge-shopping" and the impressive body of precedents which we have here cited in *Berger* and its progeny would be wiped out.

■ In any event, while the new and revised statute on judicial disqualification, 28 U.S.C. § 455, broadens the grounds for recusal or disqualification and is intended to eliminate the "duty to sit" concept of the old statute, it has not changed the law to the extent plaintiff's counsel attempts to suggest. The standard of the general disqualification provision, Section 455(a) of 28 U.S.C., is still one of reasonableness and should not be interpreted to include a spurious or loosely based charge of partiality.

The legislative history of the new Section 455 makes this abundantly clear in House Report No. 93–1453, adopting Senate Report No. 93–419, 3 U.S.Code Cong. & Admin.News, 93rd Cong., 2d Sess. 1974, pp. 6351–6363. In particular, this Report concludes at Page 6355:

"While the proposed legislation would remove the 'duty to sit' concept of present law, a cautionary note is in order. No judge, of course, has a duty to sit where his impartiality might be reasonably questioned. However, the new test should not be used by judges to avoid sitting on difficult or controversial cases.

At the same time, in assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a reasonable basis. Nothing in this proposed legislation should be read to warrant the

transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice.

Finally, while the proposed legislation would adopt an objective test, it is not designed to alter the standards of appellate review on disqualification issues. The issue of disqualification is a sensitive question of assessing all the facts and circumstances in order to determine whether the failure to disqualify was an abuse of sound judicial discretion."

■■■ Having these thoughts in mind, we have approached each and all of the allegations of plaintiff's counsel sensitively and utilizing sound judicial discretion, having in mind at all times that judge shopping is "out." We have measured these allegations by all of the grounds set forth in the new 28 U.S.C. § 455(a) and Code of Judicial Conduct, Canon 3 C and find that they are not legally sufficient.

The Court has read the transcript of the prior proceeding and has paid particular attention to that portion quoted in plaintiff's points and authorities. Within the entirety of the transcript, there exists no statement made by the Court which would support the conclusion that the Court's impartiality might reasonably be questioned. If the contentions of the plaintiff's attorney are given any credence in this regard it would mean that this Court would be forced to disqualify itself in any case in which it disagreed with either of the parties' counsel. Such an outcome would result in a mockery of our judicial system. There simply are no facts presented by plaintiff to show that the Court's impartiality might reasonably be questioned.

Having the same thoughts in mind, and with the same sensitivity that we have disposed of the ground stated in Section 455(a), let us examine the other grounds in Section 455 of 28 United States Code:

"(b) He shall also disqualify himself in the following circumstances:

"(1) [Canon 3 C(1)(a)] Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

—Here again after a review of the transcript, the Court is at a loss to find any statement supporting a showing of *personal* bias or prejudice toward any of the parties or their counsel. Accordingly, the facts are legally insufficient to support a finding of personal bias or prejudice.

"(2) [Canon 3 C(1)(b)] Where in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."

—There are no allegations concerning this ground whatsoever.

"(3) [Canon 3 C(1)(e)] Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

—This is, obviously, not involved.

"(4) [Canon 3 C(1)(c)] He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

—There is no allegation as to this.

"(5) [Canon 3 C(1)(d)] He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially af-

fected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

—There is no allegation as to this.

"(c) [Canon 3 C(2)] A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household."

—There is no allegation as to this.

We will not go into the other subsections, (d) [Canon 3 C(3)] which are merely definitions, or (e), which provides for partial waiver which is not permitted under the Code of Judicial Conduct, since they are inapplicable in this discussion.

The Court is at a loss to find any factual support for plaintiff's second contention. Accordingly, the Court again must find that the affidavit (if indeed it existed and stated the contentions of the plaintiff) is legally insufficient, inasmuch as the mere conclusory allegations of an obvious predisposition and specific dislike are not supported by *any* facts.

A second ground for finding plaintiff's second contention legally insufficient is that plaintiff has failed to allege any facts showing that any purported bias or prejudice of which plaintiff complains stems from extrajudicial sources. As noted above, an extrajudicial source of prejudice is essential for the alleged bias and prejudice to be disqualifying. As is true of the first contention, plaintiff's second contention is completely devoid of any reference to an extrajudicial source of bias and prejudice.

3. *The authorities cited by plaintiff's counsel do not demonstrate that plaintiff's grounds for disqualification are legally sufficient.*

All but one of the authorities cited by plaintiff's counsel were cited in support of general principles of law. The plaintiff cites but one case where there seems to be some similarity between the facts of that case and the facts of the present action. Plaintiff cites *Crowe v. Di Manno*, 225 F.2d 652 (1st Cir. 1955), in support of his assertion that hostile remarks by a judge prior to trial will serve as a sufficient ground to remove a judge. This case, however, bears no similarity to the present action and does not support plaintiff's contentions.

In *Crowe*, the First Circuit Court of Appeals held that the record established prejudicial misconduct on the part of the trial judge in favor of the plaintiff sufficient to entitle the defendants to a new trial before another judge. The court found that the record indicated that the judge throughout the *trial* openly exhibited a partisan zeal for the plaintiff wholly out of keeping with his office which deprived the defendants of their fundamental right to a fair and impartial trial. 225 F.2d at 659.

■ The *Crowe* case involved a negligence action tried before a jury. In *Crowe*, the trial judge made numerous prejudicial remarks during the trial and *in the presence of the jury.* Thus the *Crowe* case obviously has no application to our case, because when a trial judge makes hostile remarks in the presence of a jury the courts use entirely different criteria to determine their prejudicial effect, reversal being premised upon the prejudicial effect upon the jury, rather than the personal bias or prejudice possessed by the judge. In the present action, a jury has yet to be selected. Accordingly, any statements previously made by the Court have not had a prejudicial effect upon any prospective jury.

## ORDER

Upon the Findings and Conclusions set forth above, and the Court being convinced that the allegations of plaintiff's attorney are not legally sufficient to raise any ground or issue of disqualification or recusal under 28 U.S.C. § 144, 28 U.S.C. § 455, the Code of Judicial Conduct for United States Judges, Canon 3 C, or the longstanding case law of *Berger* and its progeny, and this Judge knowing the heavy burdens already borne by the other Judges on

this Court which would be greatly exacerbated by the reassignment of this proceeding to another Judge of the Court,

IT IS HEREBY ORDERED:

1. That the motion and supporting memorandum of points and authorities of plaintiff's counsel that the Judge be disqualified and recuse himself from the case, cause and proceedings herein, be, and the same hereby are, denied.

2. The Clerk is directed to file and enter these Findings, Conclusions and Order forthwith and serve copies thereof upon counsel for all parties herein.