UNITED STATES of America, Plaintiff,

v.

Leonard PELTIER, Defendant.

No. CR 79–607(A)–LTL(AAH).

United States District Court,
C. D. California.

Jan. 11, 1982.

Lourdes Baird, Los Angeles, Cal., for plaintiff.

Linda Moreno, Bruce N. Ellison, Los Angeles, Cal., for defendant.

ORDER DENYING MOTION FOR RECUSAL AND TRANSFER OF CASE BACK TO THE HONORABLE LAWRENCE T. LYDICK.

HAUK, Chief Judge.

This matter has come on for hearing before the undersigned Honorable A. Andrew Hauk by random selection pursuant to the written order of the Honorable Lawrence T. Lydick, dated January 5, 1982, and by reason of the Clerks' actions and Minute Orders of January 5, 1982 and January 6, 1982, and Corrected Minute Order of January 7, 1982, randomly assigning the matter to Chief Judge Hauk under the Rules and Orders, particularly General Order 224, Section 8.5.5, of this Central District of California; and the said undersigned Chief Judge Hauk has held the hearing, heard the argument, considered the applicable law, and fully and completely examined and analyzed all of the files and records in this matter pertaining and relating to the "NOTICE OF MOTION; MOTION TO RECUSE; AFFIDAVIT OF DEFENDANT," and "MEMORANDUM OF LAW IN SUPPORT OF RECUSAL," filed on January 6, 1982, by counsel for defendant, Bruce Ellison and Linda Moreno, including:

(a) The said NOTICE OF MOTION AND MOTION TO RECUSE;

(b) "Personal affidavit From Defendant to recuse Judge L. T. Lydick," attached to said Motion to Recuse;

(c) The Memorandum of Law In Support of Recusal, attached to said Motion to Recuse;

(d) The written Order of Judge Lydick, dated January 5, 1982;

(e) The Clerk's actions and Minute Orders of January 5, 1982, and January 6, 1982, and the Corrected Minute Order of January 7, 1982;

(f) Notice of Appearance of Linda Moreno as local counsel for defendant, filed January 4, 1982; and

(g) "GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES," filed January 6, 1982.

After such examination, analysis and consideration, and a complete review of the entire file in this recusal matter, the undersigned Chief Judge Hauk now finds and concludes as follows:

1. The papers filed by the defendant and moving party, to wit: the aforesaid NOTICE OF MOTION AND MOTION TO RECUSE and the papers listed hereinabove from (a) through (g) have not been timely filed, as required by 28 U.S.C. § 144.

2. The moving papers hereinabove referred to in the preceding paragraphs, items (a) through (g), are not legally sufficient as required by said 28 U.S.C. § 144, and do not raise any case for recusal on the merits as required by 28 U.S.C. § 455. *Mavis v. Commercial Carriers, Inc.,* 408 F.Supp. 55, 58 (C.D.Cal.1975) and cases cited therein, including: *Berger v. United States,* 255 U.S. 22, 23, 41 S.Ct. 230, 231, 65 L.Ed. 481 (1921); *United States v. Tropiano,* 418 F.2d 1069 (2d Cir. 1969); *Botts v. United States,* 413 F.2d 41 (9th Cir. 1963); *Lyons v. United States,* 325 F.2d 370 (9th Cir. 1963), *cert. denied,* 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964). *See also Hagans v. Andrus,* 651 F.2d 622, 628 (9th Cir. 1981); *United States v. Conforte,* 624 F.2d 869, 880 (9th Cir. 1980); *United States v. Sibla,* 624 F.2d 864, 867–69 (9th Cir. 1980); *Hayes v. National Football League,* 463 F.Supp. 1174, 1179 (C.D.Cal.1979); and cases therein cited.

3. The aforesaid moving papers do not contain the necessary "certificate of counsel of record stating that it [the affidavit or declaration] is made in good faith," as required by 28 U.S.C. § 144.

4. The aforesaid papers are neither timely nor sufficient as required by 28

U.S.C. § 144, and do not present any kind of arguable genuine issue of material fact on the merits as required by 28 U.S.C. § 455 and Canon 3 C of the Federal Code of Judicial Ethics.

5. The allegations of said moving papers do not in any way measure up to the legal sufficiency required by 28 U.S.C. § 144 and the merits required by 28 U.S.C. § 455, and Canon 3 C of the Code of Judicial Ethics, for recusal with respect to the Honorable Lawrence T. Lydick. In fact, all allegations of bias and prejudice arise out of and are founded entirely in proceedings in the courtroom. Such "judicial" bias or prejudice does not disqualify a Judge or Judges, or require his/her or their recusal. It must be "extra-judicial" bias or prejudice, and none appears anywhere in the aforesaid moving papers. See cases above cited.

6. Furthermore, none of the three grounds set out in defendant Peltier's affidavit meet the tests of the Ninth Circuit as set forth in the cases cited above. (1) The fact that the Circuit Court originally reversed the convictions based on an error of the trial court does not provide a ground for disqualification, *Hagans v. Andrus, supra*: (2) The trial court's alleged comment at side bar: "I have lived and gone to school with those kind of people all my life so I know those kind of people," is so unspecific that it has no meaning within the context of this motion. Appellant's conclusion that such a vague comment supports a cultural or racial bias against him is devoid of specific factual allegations tending to show any personal bias against the appellant and therefore is legally insufficient. *United States v. Sibla, supra*, at 868; *United States v. Conforte, supra*, at 881; *Hayes v. National Football League, supra*, at 1182. (3) Similarly, appellant alleges that a facial expression of the trial judge showed "hate and prejudice" toward him. The allegation of appellant does not set out facts specifically upon which any reasonable finding could be made. Appellant asks that this court rely upon his conclusion that such an expression showed a bias against the appellant. Any such misplaced reliance upon a mere conclusion would be in stark contradiction to well established Ninth Circuit standards. *United States v. Sibla, supra*, at 868; *United States v. Conforte, supra*, at 881; *Hayes v. National Football League, supra*, at 1182.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

I. The aforesaid Motion to Recuse Judge Lawrence T. Lydick, filed on January 5, 1982, be and the same hereby is denied.

II. This matter, "*UNITED STATES OF AMERICA v. LEONARD PELTIER,*" No. CR 79–607(A)–LTL(AAH), Central District of California, is hereby transferred and assigned back to the said Honorable Lawrence T. Lydick, Judge herein, for all further proceedings, under the applicable rules and regulations of this Court, set forth in the Court's Local Rules and General Orders.

III. Chief Judge Hauk's Court Clerk is directed forthwith to serve copies of this Order upon all counsel of record for all parties, and upon the Honorable Lawrence T. Lydick and his Clerk of Court.