**Shroma H. LANG, Petitioner-Appellant,**

v.

**William L. CALLAHAN, et al.,
Respondents-Appellees.**

No. 85–4352.

United States Court of Appeals,
Ninth Circuit.

Submitted * May 5, 1986.

Decided May 8, 1986.

* Oral argument waived by the court.

Shroma H. Lang, pro se.

Michael P. Lynch, Asst. Atty. Gen., Dept. of Corrections, Olympia, Wash., for respondents-appellees.

Before: DUNIWAY, WRIGHT and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Pro se appellant Shroma H. Lang, a black state prisoner, raises two issues in this appeal from the denial of his habeas corpus petition:

1) Was defense counsel constitutionally ineffective in stipulating to the admissibility of a tape-recording and transcript of a statement made by the victim? and

2) Was Lang denied due process or equal protection by allegedly racial remarks made by the sentencing judge?

Following our *de novo* review, we affirm.

**BACKGROUND**

Lang was arrested and charged with first-degree rape and first-degree robbery. At trial, the white female victim testified that Lang approached her by car when she was walking through downtown Tacoma in the early morning hours. He got out of his car and grabbed her.

She does not remember anything more about the attack until she regained consciousness in the front seat of Lang's car in a parking garage. She realized that she was bruised and bleeding from the head. Lang then forced her at knifepoint into the back seat of the car. Again, the victim had difficulty remembering events that followed.

Out of the jury's presence, she refreshed her memory by reading a transcript of the statement she had made to the police when she arrived at the hospital. This was some six hours after her first contact with Lang. Her statement was that Lang had forced her to perform sexual intercourse in the back seat of the car and later forced her to perform oral sex in the front seat. With her memory partially refreshed, she told the jury about the incident of oral sex only.

Later in the trial, Lang's appointed counsel stipulated to the admissibility of the victim's tape-recorded statement and transcript. The jury found Lang guilty of first-degree rape and first-degree robbery for taking money and jewelry from the victim.

During sentencing, the state trial judge addressed Lang as follows:

You are apparently, two personalities. When you are under supervision, under surveillance, you are a fine, intelligent member of society. But, when you are on your own at night, when you think you can get away with these things, you are a brutal rapist and robber, of the worst kind, at least towards white females. I just wonder if you would do this to a member of your own race. I do not understand it, frankly, after four years in the penitentiary, that you would assault any human being, white or black; and rape them and treat them— and force them to commit oral sodomy upon you; rob them of their money and jewelry, even their rights. I do not understand a human being who would lack

at least some element of compassion toward fellow human beings, regardless of race.

The court refused to order a presentence report. Lang was sentenced to two consecutive life terms. The Washington Court of Appeals affirmed. It rejected the sentencing challenge by reasoning that the court's remarks reflected revulsion at the crime rather than racial prejudice. It also held that any error by counsel's stipulation to admissibility of the tape-recording and transcript was harmless and did not rise to the level of constitutional error. The Washington Supreme Court denied review.

## ANALYSIS

### I. Ineffective Assistance of Counsel

■ To establish a claim for ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient and prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Weygandt v. Ducharme,* 774 F.2d 1491, 1493 (9th Cir.1985). Our scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ Apparently, Lang's counsel agreed to stipulate to admissibility of one of the victim's statements in the hope that the deputy prosecutor would agree to admissibility of other statements, which could be used for impeachment purposes. We find that counsel's strategic decision to stipulate falls well within the range of reasonable professional assistance. *See Butcher v. Marquez,* 758 F.2d 373, 378 (9th Cir.1985) (strategic choice to stipulate on certain facts was reasonable and competent tactic).

■ Nor can Lang show prejudice. The victim testified about forced oral sex with Lang. The remainder of her statement concerning forced genital intercourse was admissible under Fed.R.Evid. 803(5) as past recollection recorded.

The only difference resulting from counsel's stipulation was that the jury was given the victim's statement as an exhibit. We do not find it reasonably probable that, but for the stipulation, the verdict would

have been different. *See Nix v. Whiteside,* — U.S. —, 106 S.Ct. 988, 999, 89 L.Ed.2d 123 (1986); *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Weygandt,* 774 F.2d at 1493.

### II. Judicial Bias

■ Lang asserts that the court's racial bias tainted the trial and sentencing hearing in violation of his due process and equal protection rights. To the extent Lang alleges for the first time on appeal that judicial bias influenced the verdict, the claim is waived. *United States v. Greger,* 716 F.2d 1275, 1277 (9th Cir.1983) (generally reviewing court will not consider matter not first raised below), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984).

■ As a criminal defendant, Lang was guaranteed the right to an impartial judge. *See In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955); *Tumey v. Ohio,* 273 U.S. 510, 523, 47 S.Ct. 437, 441, 71 L.Ed. 749 (1927); *Longval v. Meachum,* 693 F.2d 236, 238 (1st Cir.1982), *cert. denied,* 460 U.S. 1098, 103 S.Ct. 1799, 76 L.Ed.2d 364 (1983). We examine statements for bias and prejudice in the context in which they were made. *Hagans v. Andrus,* 651 F.2d 622, 628 (9th Cir.), *cert. denied,* 454 U.S. 859, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981).

■ We agree with the Washington Court of Appeals that Judge Morrison's comments, although ill-considered, do not reflect racial prejudice. The record reveals that he was expressing his disgust for the brutal crime given Lang's prior conviction and incarceration for rape in Texas. *See United States v. Peltier,* 529 F.Supp. 549, 551 (C.D.Cal.1982) (trial judge's comment at side bar, "I have lived and gone to school with those kind of people all my life so I know those kind of people," does not indicate racial bias).

■ Lang's challenge to the consecutive life sentences fails. Sentencing was within statutory limits. Additionally, Judge Morrison had discretion to dispense with a pre-

sentence report if he believed one would not be useful. Washington Rules for Superior Court, Criminal Rule 7.1(a) (1984) (court *may* order presentence investigation and report).

## CONCLUSION

Lang has not demonstrated that his appointed counsel did not act as a reasonably competent attorney when stipulating to the admissibility of the victim's police statement. Nor has he shown that any prejudice resulted.

Moreover, he has not demonstrated that his right to an impartial tribunal was violated by the court's remarks at sentencing. The challenged comments do not indicate racial prejudice.

AFFIRMED.