---

Roger D. Staton, Cincinnati, Ohio, for plaintiff.

Bert C. Imfeld, Hamilton, Ohio, for defendant.

### DECISION and ORDER RE MOTION AND AFFIDAVIT OF BIAS AND PREJUDICE

BURTON PERLMAN, Bankruptcy Judge.

Counsel for plaintiff has filed a motion pursuant to 28 U.S.C. §§ 144 and 455, seeking that we recuse ourselves in this case by reason of bias and prejudice. With the motion, counsel has filed his personal affidavit recounting his recollection of events at a pretrial conference in this dischargeability adversary proceeding. Trial in this case was set for Wednesday, January 14, 1987 by notice sent October 30, 1986. The motion was filed January 6, 1987.

We deny the motion on a first ground that it was not timely filed.

 Furthermore, we do not think it well taken. To succeed on the motion, movant must show bias or prejudice regarding a party. *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (5th Cir.1975). We may not make a determination of the truth or falsity of the facts stated in the affidavit, but must take the allegations contained therein as true.

**In re Brenda Lee TURNER, Debtor.**

**MIAMI EMPLOYEES FEDERAL CREDIT UNION, Plaintiff,**

v.

**Brenda Lee TURNER, Defendant.**

**Bankruptcy No. 1–86–01909.**
**Adv. No. 1–86–0171.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 13, 1987.

See also, Bkrtcy., 69 B.R. 995.

*Hayes v. National Football League,* 463 F.Supp. 1174 (D.C.C.D.Cal.1979). The statements alleged in the affidavit reflect remarks directed by us to counsel in connection with the settlement process which occurs at a pretrial conference, particularly in dischargeability matters. Such remarks are not indicative of any bias or prejudice toward a party. Remarks regarding an attorney are insufficient for recusal. *United States v. IBM,* 475 F.Supp. 1372 (D.C.N.Y.1979). Nor do the remarks suggesting that defendant counterclaim for violation of the § 362 automatic stay reflect bias or prejudice since this was a subject based upon the statement by counsel for defendant that there had been such a violation. It is the duty of this court to see that the laws of the United States Bankruptcy Code are enforced. We note that there was no amendment by defendant to its pleading, so that evidently the information that counsel for defendant had about the behavior of plaintiff was incorrect.

We have considered this matter in depth and are satisfied that we have no feeling of bias or prejudice toward the plaintiff in this case and can give it a fair and impartial trial. To grant the present motion would accord to the moving attorney a preferential position in this court, for it would give him what an attorney is not entitled to, the right to choose the judge for his case.

Accordingly, the motion is denied.

So Ordered.