951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Patrick CARROLL, Petitioner-Appellant,
v.
Otis THURMAN, Warden, Respondent-Appellee.
 No. 90-56242.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991.*
Decided Dec. 19, 1991.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Patrick Carroll petitioned for a writ of habeas corpus alleging that he was denied due process and effective assistance of counsel. The district court dismissed the petition and Carroll appeals. We affirm.
 
 
 3
 * We review de novo the district court's dismissal of a habeas corpus petition. Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985). We apply a clearly erroneous standard in reviewing findings of fact. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987).
 
 II
 
 4
 Carroll first contends that the state court violated due process by failing to give the jury verdict forms for not guilty of voluntary manslaughter and not guilty of involuntary manslaughter.
 
 
 5
 In considering a habeas corpus petition, the district court must either review the state court record to determine the sufficiency of state court findings or hold an evidentiary hearing. Richmond v. Ricketts, 774 F.2d 957, 961 (9th Cir.1985). Here, the district court, after reviewing the state court record, found that the jury was given not guilty verdict forms for all offenses. Carroll does not point to any evidence in the record to suggest that this finding is clearly erroneous.
 
 
 6
 Carroll also contends that the state court violated due process by giving an erroneous jury instruction. Carroll challenges the instruction that there were "four possible verdicts." Carroll contends that there were at least six possible verdicts: guilty and not guilty of murder, guilty and not guilty of voluntary manslaughter and guilty and not guilty of involuntary manslaughter.
 
 
 7
 We evaluate jury instructions "in the context of the overall charge to the jury as a component of the entire trial process." Bashor v. Risley, 730 F.2d 1228, 1239 (9th Cir.), cert. denied, 469 U.S. 838 (1984). The petitioner in a habeas proceeding has the burden of demonstrating that the instruction "so infected the entire trial that the resulting conviction violates due process." Darnell v. Swinney, 823 F.2d 299, 301 (9th Cir.1987), cert. denied, 484 U.S. 1059 (1988).
 
 
 8
 The state court gave the following instruction to the jury regarding the number of possible verdicts it could reach:
 
 
 9
 In this case there are four possible verdicts. These various possible verdicts are set forth in the forms of verdict which you will receive. Only one of the possible verdicts may be returned by you as to each offense. If you have all agreed upon one verdict, the corresponding form is the only verdict form to be signed. The other forms are to be left unsigned.
 
 
 10
 The state court further instructed the jury:
 
 
 11
 In this case, defendant is charged ... with the offense of murder. Murder is divided into two degrees--murder in the first degree and murder in the second degree. Voluntary manslaughter and involuntary manslaughter are lesser and necessarily included offenses.
 
 
 12
 The court will provide you with verdict forms for each count charged and for each lesser and necessarily included offense.
 
 
 13
 The state court finally instructed the jury that "in order to reach a verdict, all twelve jurors must agree to the decision and to any finding" included in the verdict.
 
 
 14
 Because the overall charge to the jury with respect to reaching a verdict was accurate, Carroll was not denied due process.
 
 III
 
 15
 Carroll next contends that he was denied effective assistance of counsel at trial and on appeal. Carroll argues that his state court trial counsel failed to recall the victim's wife to testify as to the victim's violent character. Carroll also argues that his state court appellate counsel failed to raise a due process challenge to the verdict forms and jury verdict instructions.
 
 
 16
 To demonstrate a denial of effective assistance, Carroll must show that counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Carroll must satisfy both the deficiency and the prejudice components of the standard. Id.
 
 
 17
 Carroll's claim that he was denied effective assistance of state court trial counsel is without merit. The district court found that the victim's violent character was elicited from other witnesses. The district court also found that, had the victim's wife been recalled by counsel, the testimony elicited would have been at best repetitive and at worst prejudicial to the defendant. Consequently, the district court did not err in concluding that Carroll's defense was not prejudiced.
 
 
 18
 Carroll's claim that he was denied effective assistance of state court appellate counsel is likewise without merit. Because the jury was given not guilty verdict forms for all offenses, and because the overall charge to the jury with respect to reaching a verdict was accurate, Carroll was not prejudiced by counsel's alleged failure to raise those issues on appeal.
 
 IV
 
 19
 Carroll finally contends that he was twice placed in jeopardy for murder and that the district court erred when it instructed the jury that manslaughter was a lesser included offense of murder. Carroll also contends that he was denied equal protection and effective assistance when his state court appellate counsel failed to raise these issues on appeal.
 
 
 20
 Because appellant did not raise these issues in the district court, they are not properly before this court. Lang v. Callahan, 788 F.2d 1416, 1418 (9th Cir.1986); see also Messelt v. Alabama, 595 F.2d 247, 250 (5th Cir.1979) ("[C]ontentions urged for the first time before this Court are not properly before us on an appeal from the denial of relief under 28 U.S.C. § 2254."). While Carroll alleges that these issues were presented to the district court in a subsequent habeas petition, that petition is not the subject of the present appeal.
 
 V
 
 21
 The district court's dismissal of the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3