81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee TSOSIE, Defendant-Appellant.
 No. 95-10068.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided April 5, 1996.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Lee Tsosie appeals his jury conviction and sentence for assault with a dangerous weapon with the intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(c); and aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(a) and 2245. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm the conviction and sentence.
 
 I. JUDICIAL BIAS
 
 3
 Tsosie argues that the trial court's bias tainted the trial and sentencing hearing. Tsosie is Navajo and his victim is white. He argues that racial animus surfaced at several points of this case. Tsosie contends that there are four instances that demonstrate that the judge was biased.
 
 
 4
 As a criminal defendant, Tsosie was guaranteed the right to an impartial judge. Lang v. Callahan, 788 F.2d 1416, 1418 (9th Cir.1986). This Court examines statements for bias and prejudice in the context in which they were made. Id. A federal judge has broad discretion in supervising trials, and his or her behavior during trial justifies reversal only if he or she abuses that discretion. United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989).
 
 A. SENTENCING
 
 5
 First, Tsosie, argues that his sentence is almost twice as long as that received by other similarly situated defendants. More specifically, he points to a table of cases that his attorney prepared and submitted to the district court. These cases do not have the same features as Tsosie's case. The defendants in these cases in the table are not similarly situated as Tsosie. Tsosie's sentence does not reveal racial prejudice, and therefore, this argument is meritless.
 
 B. TREATMENT OF THE WHITE VICTIM v. NAVAJOS
 
 6
 Second, Tsosie argues that the judge treated the white victim differently from the Navajos, revealing racial bias. He contends that the judge treated the white victim with the "utmost solicitude." He also points out that the judge "took pains to check with the victim before setting a trial date to make certain the date was convenient to her." Tsosie argues that in contrast to the way the judge treated the white victim, the judge reacted with hostility to letters written by Tsosie's family on his behalf. The judge's statement does not reveal any of the hostility that Tsosie claims.
 
 C. JURY SELECTION
 
 7
 Tsosie argues that during jury selection, potential Navajo and non-Navajo jurors were treated differently. The voir dire did not show judicial bias.
 
 
 8
 He also contends that Judge Carroll's statements showed his fixed ideas of Navajos' willingness to serve on a jury. The record does not support this argument. Tsosie has taken Judge Carroll's statements out of context.
 
 
 9
 D. SPEECH TO THE JURY AFTER RETURN OF VERDICT
 
 
 10
 Finally, Tsosie argues that judicial bias was evident in a speech that the judge gave after the jury returned its verdict. As Judge Carroll indicated in his speech, he refrained from telling the jurors during the trial about the proceedings prior to the trial. He also expressed the interest of protecting Tsosie's rights. Although the speech may not be normal or desirable practice, the speech did not reveal judicial bias. There was no judicial bias in this case.
 
 II. CLOSING ARGUMENT
 
 11
 Tsosie argues that the district court abused its discretion by interrupting his attorney's closing argument. A federal judge has broad discretion in supervising trials, and his or her behavior during trial justifies reversal only if he or she abuses that discretion. Laurins, 857 F.2d at 537. A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality. Id.; United States v. Mares, 940 F.2d 455, 464 (9th Cir.1991).
 
 
 12
 The relevant part of the interruption and closing argument is the following:
 
 
 13
 Mr. Jacobson: If Ronald Tsosie were her attacker, these dark items of clothing, like the dark item of clothing of Elizabeth Nilsson itself, would be covered with cat fur. If not covered, there would be cat fur on there, large amounts of adherent animal hair. There is not. And the reason why is because Ronald Tsosie never went to Elizabeth Nilsson's home.
 
 
 14
 The Court: Let me say this, statements that are made such as that are necessarily phrased as argument and Mr. Jacobson has several times characterized events as not happening. That is not proper. And he won't do that again.
 
 
 15
 After closing argument Mr. Jacobson made a record of his objection outside the presence of the jury.
 
 
 16
 Mr. Jacobson: Yes, Your Honor.
 
 
 17
 I object to the interruption at the closing, of my saying that Mr. Tsosie was not in the home. It is perfectly proper closing argument. It is based upon the reasonable inferences from the evidence, if the lack of hair and the other factors that I was describing establish that he was not in the house, which was critical. It was perfectly proper closing argument and I did not--because of the Court's ruling, I did not go into it any further, the items--or I did not respond that he was not there, although it had been my plan and intention to do so.
 
 
 18
 The Court: Well, Mr. Jacobson, the record will reflect, I believe, that in your argument you first said, as a positive fact, "He didn't rape or assault her." You said that.
 
 
 19
 Later, you said, specifically, "He was not her attacker." And you continued and that is when I said stop.
 
 
 20
 And it is perfectly--that is improper and everyone knows that who is licensed to practice law and the practice of criminal law.
 
 
 21
 It is perfectly proper to argue "The evidence does not show that or this." But you didn't choose to do that. And that is the reason I stopped you in that vein and someone else will review that. I think it is particularly egregious in a case like this for a lawyer to make those arguments, as well, that he didn't do, and he didn't--and he wasn't the attacker, et cetera, based upon the record in this case and what you know about that record.
 
 
 22
 The key issue is whether the judge's interruption of the closing argument showed actual bias or left an abiding impression of advocacy or partiality. The district judge's conduct in interrupting Tsosie's counsel during closing argument was inappropriate in front of the jury. A better method may have been for Judge Carroll to have warned Mr. Jacobson at sidebar. However, this Court does not review a judge's conduct during trial on the standard of the best conduct. Rather, this Court reviews Judge Carroll's interruption on whether it indicated actual bias or gave the impression of advocacy or partiality. The judge's interruption of closing argument did not rise to the level of giving the impression of advocacy or partiality. Therefore, no reversal is required.
 
 III. JURY SELECTION--CHALLENGE FOR CAUSE
 
 23
 Tsosie contends that the district court should have excused a juror for cause on the basis of his bias in favor of testimony from a police officer. The district court's denial of a challenge for cause is reviewed for an abuse of discretion. See United States v. Alexander, 48 F.3d 1477, 1484-85 (9th Cir.1995), cert. denied, 116 S.Ct. 210 (1995).
 
 
 24
 A defendant bears the burden of showing that a juror was actually biased and that the district court abused its discretion when it failed to excuse the juror for cause. Tsosie fails to meet this burden. In fact, the juror was properly rehabilitated by appellee when he stated that he could be fair and impartial. The district court did not abuse its discretion in refusing to strike the juror for cause.
 
 IV. ACCEPTANCE OF RESPONSIBILITY
 
 25
 Tsosie argues that the district court erred when it failed to decrease his offense level based on acceptance of responsibility, under U.S.S.G. § 3E1.1(a). The district court's factual findings for acceptance of responsibility are reviewed for clear error. United States v. McKinney, 15 F.3d 849, 852 n. 6 (9th Cir.194), cert. denied, 116 S.Ct. 162 (1995).
 
 
 26
 The Ninth Circuit has held that the purpose of U.S.S.G. § 3E1.1(a) is to encourage defendants to accept responsibility for their actions at early stages of prosecution. United States v. Gonzalez, 897 F.2d 1018, 1021 (9th Cir.1990). The burden is on defendant to show an affirmative acceptance of personal responsibility. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990). The district court denied a reduction for acceptance of responsibility on the grounds that there was substantial evidence that Tsosie was more aware of his actions than he would admit. The district court made a considered judgment on the sincerity of Tsosie's contrition. The district court did not clearly err in denying the reduction for acceptance of responsibility.
 
 V. U.S.S.G. § 2A3.1(b)(4)
 
 27
 Tsosie argues that the district court erred by including the head injury that the victim suffered as a result of Tsosie's assault, as a specific offense characteristic of the aggravated sexual abuse counts. He contends that this enhancement counts twice the physical injury that was actually inflicted during the assault, not the rape.
 
 
 28
 The district court's factual findings in sentencing are reviewed for clear error. United States v. Leung, 35 F.3d 1402, 1406 (9th Cir.1994), cert. denied, 115 S.Ct. 954 (1995). The district court's application of the Sentencing Guidelines are reviewed de novo. United States v. Buenrostro-Torres, 24 F.3d
 
 
 29
 U.S.S.G. § 2A3.1(b)(4) provides: "If the victim sustained permanent or life-threatening bodily injury, increase by 4 levels." U.S.S.G. § 2A3.1(b)(4)(A). U.S.S.G. § 1B1.1 defines "permanent or life-threatening bodily injury" as the following: "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1. The district court found that the degree of injury to the victim met the standard included in U.S.S.G. § 1B1.1.
 
 
 30
 Tsosie is incorrect in his assertion that the enhancement was double counted. Under the grouping rules of U.S.S.G. § 3D1, the sentence enhancement was not double counted.
 
 
 31
 The assault, which consisted of a hammer blow to the head, caused the victim to fear for her life. Tsosie used this fear to rape the victim. In the victim's testimony, she stated that from the moment that she was hit by the hammer, she was under the domination and the control of her attacker because she was in fear of dying. Since Tsosie was charged in the indictment with sexual assault by fear, the injury to the victim that caused the fear was a specific offense characteristic of the aggravated sexual abuse counts. The district court properly applied U.S.S.G. § 2A3.1(b)(4)(A) to the aggravated sexual assault counts.
 
 VI. RESOLUTION OF DISPUTED GUIDELINE ISSUES
 
 32
 Tsosie argues that the district court failed to make findings of fact on two disputed Sentencing Guideline issues: 1) whether the defendant was entitled to sentencing credit for the time that he was in tribal custody; and 2) whether a four level increase under U.S.S.G. § 2A3.1(b)(4) was appropriate. He further argues that Federal Rule of Criminal Procedure 32(c) requires that the district court rule on any unresolved objections to the presentence report.
 
 
 33
 The district court's factual findings in sentencing are reviewed for clear error. Leung, 35 F.2d at 1406. The district court should make clear on the record its resolution of all disputed matters, and specific findings of fact are encouraged. United States v. Peters, 962 F.2d 1410, 1415 n. 2 (9th Cir.1992) (citing United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990)). All that is required is that the defendant be given an opportunity to dispute any facts relevant to sentencing decision. Leung, 35 F.2d at 1406.
 
 
 34
 Although the district court did not explicitly say that it was not going to give Tsosie credit, it gave all indication that it did not plan to give Tsosie credit. In fact, the district court did not give Tsosie credit for time spent in tribal custody. Tsosie had an opportunity to dispute the facts and law on this issue. Therefore, the district court did not err.
 
 
 35
 Second, Tsosie argues that the district court failed to make findings of fact on the degree of injury to the victim. It is clear that the district court found that the victim's injury was a permanent injury. The district court explicitly stated: "I find that there is a degree of injury that meets the standard included in 1B1.1 of the sentencing guidelines." This finding is sufficient. The district court allowed Tsosie the opportunity to argue that the injury was not a permanent bodily injury and to cross-examine the Government's expert, Dr. Hoot, as to the degree of injury. The district court did not err.
 
 
 36
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3