113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyrone BLOCKER, Petitioner-Appellant,
v.
Michael McGEE, Respondent-Appellee.
 No. 96-25787.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 14, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tyrone Blocker, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his rape conviction. Blocker contends that he received ineffective assistance of counsel because counsel stipulated to venue in Multnomah County, Oregon. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 
 3
 In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); LePage v. Idaho, 851 F.2d 251, 257 (9th Cir.1988). In evaluating the prejudice prong, we assess whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; LePage, 851 F.2d at 257. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697; LePage, 851 F.2d at 257.
 
 
 4
 Here, Blocker fails to show that the result of his jury trial would have been different had his counsel not stipulated to venue. See Strickland, 466 U.S. at 694. Absent the stipulation, the State could have proven through circumstantial evidence that the offense occurred in Multnomah County. See State v. Cervantes, 873 P.2d 316, 319 (Or.1994) (stating that under Oregon law venue may be established by circumstantial evidence). The circumstantial evidence includes testimony from both the victim and Blocker that the incident occurred near a bridge and a railroad station. In addition, in the police report detective Young identifies the location of the occurrence as being "under the Fremont Bridge."[1] Trial counsel states in an affidavit that the Fremont Bridge is entirely within Multnomah County. Significantly, Blocker does not contest that the incident occurred in Multnomah County. In fact, Blocker's defense theory, consensual sex, does not negate his presence at the scene of the crime. Therefore, the State could have easily proven venue absent the stipulation.
 
 
 5
 Relying on Hill v. Lockhart, 474 U.S. 52 (1985), which dealt with the prejudicial effect of alleged involuntary guilty pleas, Blocker contends that the focus of the prejudice analysis should be on whether Blocker would have agreed to the stipulation if his counsel had informed him of the stipulation. We find no case where we have applied the Hill analysis to stipulations. Blocker's contention lacks merit. Cf. Lang v. Callahan, 788 F.2d 1416, 1418 (9th Cir.1986) (analyzing prejudice by determining whether, but for stipulation, the verdict would have been different). To the extent Blocker contends that the trial court should have questioned Blocker personally to determine whether he voluntarily agreed to his counsel's stipulation of venue, Blocker's contention lacks merit. See United States v. Ferreboeuf, 632 F.2d 832, 836 (9th Cir.1980).
 
 
 6
 Accordingly, Blocker fails to show that his counsel's assistance was ineffective. See Strickland, 466 U.S. at 694.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blocker contends that the police report should not be considered because it is not part of the trial record. Although the police report was not entered into evidence, detective Young testified to much of the information in the report, including the victim's account that the offense occurred under a bridge. Accordingly, Blocker's contention lacks merit because the police report represents relevant evidence that the State could have entered via Young's testimony to establish venue absent the stipulation. Cf. Lang, 788 F.2d at 1418 (stating that counsel's stipulation to admissability of testimony was not prejudicial where testimony would have been admissible independent of stipulation)